## STATE v. BAYES.

No. 2828.   Decided January 26, 1916.   (155 Pac. 335.)

1.  CRIMINAL LAW—QUESTIONS FOR JURY—CREDIBILITY OF WITNESSES. The question of the credibility of witnesses, arising from inconsistencies in their testimony, is for the jury.   (Page 475.)

2.  RAPE—STATUTORY RAPE—SUFFICIENCY OF EVIDENCE. On a trial for having carnal knowledge of a female under eighteen, where she is not an accomplice, her testimony alone, if believed by the jury, is sufficient to sustain a finding that the sexual act occurred.[1]   (Page 475.)

3.  RAPE—QUESTIONS FOR JURY—CREDIBILITY OF WITNESSES. On a trial for having carnal knowledge of a female under eighteen, where no question of limitations was involved, the fact that she testified positively that the sexual act occurred on Wednesday, January 10, 1914, when in fact January 10, 1914, fell on Saturday, went merely to her credibility, which was a question for the jury.   (Page 475.)

4.  RAPE—STATUTORY RAPE—INSTRUCTIONS. On a trial for having carnal knowledge of a female under eighteen, she testified that the act occurred on Wednesday, January 10, 1914; that date in fact falling on Saturday. The court charged that if the prosecutrix was not defendant's wife, and was under the age of eighteen, and if defendant committed an act of sexual intercourse with her at the place and "on or about the time charged in the information," then such act constituted an offense under the statute. *Held*, that this was not erroneous, as giving the jury too much latitude regarding the date upon which they

could find the act was committed, as the act need not be proved on the precise day alleged, nor was the instruction objectionable in any other respect.  (Page 477.)

[1] *State* v. *Reese*, 43 Utah 454, 455; 135 Pac. 270.

Appeal from District Court, Salt Lake County; *Hon. M. L. Ritchie*, Judge.

A. Bayes was convicted of an offense, and he appeals.

AFFIRMED.

*S. A. King* and *E. G. Palmer*, for appellant.

*A. R. Barnes*, Atty Gen., and *E. V. Higgins* and *G. A. Iverson*, Asst. Attys. Gen., for the State.

FRICK, J.

The appellant was convicted in the district court of Salt Lake County of the offense of having had carnal knowledge of a female under the age of eighteen years and over the age of thirteen years, which, under our statute, is a felony. He appeals from the judgment.

His counsel have assigned and argued errors in the following particulars: (1) That the evidence is insufficient to sustain the verdict and judgment; (2) that the court erred in giving one of the instructions to the jury; and (3) that it erred in the admission and exclusion of evidence.

Counsel vigorously contend that the evidence produced by the state is insufficient to sustain the verdict of the jury and the judgment of the court based thereon. The contention is made that, in view that the prosecurix was the only witness who testified to the act of sexual intercourse, and that for various reasons which are pointed out her **1, 2, 3** statements are wholly unreliable, therefore the evidence is insufficient, as before stated. Among other circumstances which, it is alleged, show the unreliability of the testimony of the prosecutrix, counsel point to the fact that she, at the trial, was positive that the sexual act complained of oc-

curred on Wednesday, the 10th day of January, 1914, while in fact that date did not fall upon a Wednesday but fell upon a Saturday. They insist that the truth, therefore, is that, if the sexual act occurred on the Wednesday referred to, then, it occurred on the 7th day of January, and not on the 10th, and that, if it occurred on the 10th, then it took place on Saturday, and not on Wednesday. It could subserve no useful purpose for us to set forth the evidence adduced at the trial, even in substance. It must suffice to say that the record discloses that the prosecutrix, who at the time was between 16 and 17 years of age, in positive terms testified that the appellant had sexual intercourse with her on the date aforesaid, and that he denies such intercourse on that date, or on any other date.

It also appears from the record that counsel for appellant moved for a new trial, in which motion it was stated that the evidence was insufficient to sustain the verdict of the jury. The trial court, in an oral opinion which is made a part of the record, reviewed the evidence at length, and therefore carefully considered that question. From that opinion it is apparent that the trial court was satisfied that the jury, upon the evidence, were justified in finding that the evidence established appellant's guilt beyond a reasonable doubt. The trial court, in that opinion, points out some inconsistencies in the testimony of the prosecutrix; but he likewise points out some in the testimony of the appellant. The question of credibility arising from those inconsistencies was for the jury. We have already held that, where the prosecutrix is not an accomplice, her testimony alone, if believed by the jury, is sufficient to sustain a finding that the sexual act occurred. *State* v. *Reese*, 43 Utah, 454, 455, 135 Pac. 270. The fact that that was a bastardy proceeding in no way affects the principle. Nor does the mere fact that the prosecutrix fixed the 10th as being on Wednesday, when in fact it fell upon a Saturday, from a legal point of view, affect the verdict of the jury. The act, if occurred at all, was quite as unlawful on Wednesday, the 7th, as on Saturday, the 10th, of the month. Such a discrepancy might become material in a case where the statute of limitations was important; but, under

the circumstances of this case, the only effect it could have
was that it might have affected the credibility of the witness
and the weight to be given her statements, and that question
was for the jury.

It is next assigned that the court erred in giving instruc-
tion No. 4 to the jury, which reads as follows:

"If you find from the evidence beyond a reasonable doubt
that the prosecutrix, * * * the female named in the
complaint, was not the wife of the defendant at the time
alleged in the information, and was under the age of     4
eighteen years, which is commonly referred to as the
age of consent, and further find from the evidence beyond
a reasonable doubt that the defendant committed an act of
sexual intercourse with her at the place and on or about the
time charged in the information, then such act of sexual
intercourse constituted an offense under the statute, whether
she consented or not. If such facts are proven beyond a
reasonable doubt, it is immaterial whether she had been prev-
iously chaste or not, or whether she may have been unchaste
with some other person; and it is immaterial that she did not
resist or make an outcry, or whether she consented, on
whether she received money for the act. None of these facts, if
proven, constitute any defense, if you find from the evidence
beyond a reasonable doubt that an act of sexual intercourse
was committed at the time and place and under the circum-
stances by the defendant with her, as charged in the infor-
mation."

The assignment respecting the instruction is in the language
of the exception taken to it at the trial, and is as follows:

"The defendant excepts to instruction No. 4 given by the
court to the jury."

In their brief counsel argue that the instruction is erron-
eous, because it is incomplete, and more particularly for the
reason that the court charged:

"That if the jury found that the sexual act was committed
* * * at the place and 'on or about the time charged in
the information' that this would be sufficient."

In that connection it is contended that, in view that the
prosecutrix's testimony that the act occurred on a Wednesday

and on the 10th, this gave the jury too much latitude regarding the date upon which they could find the act was committed. We can see no substantial merit to this contention. It has become elementary law, in this jurisdiction, at least, that the act need not be proved on the precise day alleged in the information. That being true, it would, under the circumstances of this case, be needless for us to devote further time to a consideration or discussion of the point discussed by counsel. Counsel have not pointed out in what particular the instruction is objectionable in other respects, and we have discovered none.

The contention that the court erred either in excluding proper or in admitting improper evidence is not tenable. After examining the record it is apparent to us that counsel have assigned the errors with regard to the exclusion and admission of evidence more because they thought the evidence in this case against their client was weak, than upon the ground that the rulings of the court in and of themselves were prejudicial to the interests of their client. Indeed, if such an excuse is not allowed, then there is no excuse whatever for arguing these alleged errors. Moreover, the alleged errors respecting the admission and exclusion of evidence, whether considered singly or conjointly, could not have prejudiced any substantial right of the appellant, and hence can be given no effect. We have refrained from setting forth the questions and answers covered by the foregoing assignments, because we could subserve no useful purpose in doing so.

We have discovered nothing in the record which would justify our interference, and hence the judgment is affirmed.

STRAUP, C. J., and McCARTY, J., concur.