(571 P.2d 6)

No. 48,633

State of Kansas, *Appellee,* v. Robert R. White, *Appellant.*

Opinion filed July 8, 1977.

*William Tinker, Jr.,* of McDonald, Tinker, Skaer, Quinn & Herrington, of Wichita, for the appellant.

*Stephen M. Joseph,* assistant district attorney, *Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, and *Christopher Randall,* assistant district attorney, for the appellee.

Before Spencer, P.J., Abbott and Swinehart, JJ.

Abbott, J.: This is a direct appeal from a jury verdict wherein the defendant, Robert R. White, was found guilty of felony theft (K.S.A. 21-3701 [a]).

Defendant alleges trial error in denying a new trial (1) for the

exclusion of evidence offered by two defense witnesses as to previous bad conduct on the part of a state witness; (2) because the defendant was misled and prejudiced in his defense by the fact evidence was presented at the preliminary hearing that the crime was committed on March 28, 1975, when in truth and fact the crime was actually committed on April 1, 1975, and all evidence at the jury trial went to April 1, 1975; and (3) for failure to find that an affidavit of Sandal Porter concerning events of April 1, 1975, constituted new evidence sufficient to support the granting of a new trial.

The defendant was charged with felony theft of jewelry from his employer, Henry's, Inc. The complaint and warrant both charged the theft took place on or about April 1, 1975. At the preliminary hearing, the personnel director of Henry's testified on direct examination the theft occurred on April 1, 1975. On cross-examination the personnel director changed his testimony and testified the theft occurred on March 28, 1975.

The defendant was bound over for trial on the felony theft charge. An information was duly filed alleging the theft occurred on or about April 1, 1975. The case was set for trial.

During the time the case was pending trial, a defense witness, Mrs. Sandal Porter, moved to Colorado. Counsel for defendant requested that Mrs. Porter voluntarily return to Kansas to testify, but she refused. Counsel attempted to obtain the witness's attendance at the trial through the Uniform Act to Secure Attendance of Witnesses from Without State (K.S.A. 22-4201, *et seq.*). Colorado declined to issue the necessary order to Mrs. Porter. Defendant's counsel then arranged to take Mrs. Porter's deposition in Colorado.

The state of Kansas was represented by a Colorado prosecutor at Mrs. Porter's deposition, and the defendant by his Kansas counsel. Examination of Mrs. Porter at the deposition was limited to events supposedly occurring on March 28, 1975.

Mrs. Porter testified that she recalled the date because she, her husband, and the defendant were preparing to go to Denver, Colorado, the following day to find a new home; that during the evening hours she saw the defendant and Rick Hildebrandt when they returned from Henry's where defendant and Hildebrandt were both employed. Mrs. Porter further testified she helped unload the car and did not see a box the size and shape of the one

stolen from Henry's either in the car or in the defendant's possession. Mrs. Porter did not testify concerning any events that occurred on April 1, 1975.

At the trial, all witnesses testified that the theft took place on April 1, 1975. The personnel manager of Henry's admitted he had erroneously testified at the preliminary hearing that the theft took place on March 28, 1975. His explanation was that an insurance form had the erroneous date on it, and when he checked Henry's records and files prior to testifying at the preliminary hearing he did not realize the form he read was in error. He testified the remainder of Henry's file uniformly listed April 1, 1975, as the date of the theft.

Defendant readily concedes that generally the state need not prove the offense occurred on the date alleged in the pleadings as long as the evidence shows the alleged crime was committed within the statute of limitations. However, defendant claims he was prejudiced by the discrepancy between the testimony given at the preliminary hearing as to the date of the crime and the testimony at the trial, in view of having been forced to take an out-of-state deposition of a reluctant witness in the interim.

Defendant's counsel maintains that under the circumstances he was entitled to rely on the testimony given at the preliminary hearing as to the date of the theft. In addition, defense counsel states he contacted the bonding company which had been furnished the report from Henry's containing the erroneous date, and the bonding company also gave him the date of March 28, 1975, as the date the theft occurred. The record does not disclose whether counsel contacted the second insurance carrier involved or reviewed Henry's files or the police reports, all of which would have readily disclosed the theft occurred on April 1, 1975.

We are unable to agree with appellant that he could reasonably rely on the erroneous testimony given on cross-examination, which was contrary to the witness's direct testimony, and the information given defense counsel by the one insurance carrier, or that he was misled or prejudiced by the erroneous testimony.

"Where a defendant is not misled or prejudiced in making his defense by the allegation concerning the date of the crime charged, that date is unimportant, and a conviction may properly follow upon sufficient proof of the commission of the offense at any time within the provisions of the statute of limitations." (*State v. Sisson*, 217 Kan. 475, Syl. 3, 536 P.2d 1369.)

In *State v. Robertson,* 190 Kan. 771, 378 P.2d 37, the complaint alleged the crime was committed on *September 8,* 1960. At the preliminary hearing, several defense witnesses testified the offense occurred on *August 8,* 1960. The defendant's attorney, who had not participated in the preliminary hearing, requested a new preliminary hearing so that he would be properly advised as to the date the state intended to rely on. This motion was overruled.

The witnesses, at the trial, testified the burglary was committed on *September 8,* 1960, the date alleged in the complaint. All three witnesses said they had been mistaken at the preliminary hearing. Several witnesses testified on behalf of the defendant, and the defendant himself took the stand and denied he committed the burglary. The Supreme Court in affirming the conviction noted the witnesses satisfactorily explained the "discrepancy" in their testimony and were subjected to cross-examination at the trial; that only one burglary was committed, and it was committed on the date defendant was charged in the complaint with having committed it; and defendant was fully apprised at the preliminary hearing of the nature of the evidence which would be used against him. The Supreme Court found defendant was not prejudiced by the discrepancy.

In *State v. Jones,* 204 Kan. 719, 466 P.2d 283, the defendant was charged with committing statutory rape on April 12, 1968. All testimony at the preliminary hearing went to April 12, 1968, as the date of the offense. The defendant established an alibi for April 12, 1968, and the state then amended the complaint to allege the crime was committed between the 6th and 12th of April 1968. Defendant objected to the indefinite period of time in the amended information, but the trial judge refused to force the state to elect a specific date. When the defendant was tried, the victim testified the incident occurred on a Sunday evening. Defendant contended on appeal the date of the offense was ascertainable since the victim testified it happened on a Sunday evening during the seven-day period, and that defendant was first aware of the alleged date during the course of the trial and had no opportunity to establish an alibi defense.

The Supreme Court affirmed the conviction in *Jones,* supra, stating the discrepancy in dates was explained by the evidence at the trial and that although defendant objected in various ways to the indefinite date stated in the amended information, he did not

require the state to elect or select the actual date it was relying on. The court went on to say defendant had competent counsel who had ample opportunity to prepare for trial, and "[u]nder the circumstances we cannot say the appellant was prejudiced by the allegation that the crime occurred within a seven day period. . . ." (p. 726.)

Defendant in this case was well aware that the original complaint and warrant for arrest alleged April 1, 1975, as the date the offense occurred, and that the information filed after the testimony was given at the preliminary hearing continued to charge that the crime was committed on or about April 1, 1975.

Other evidence given and available to defendant from witnesses who testified at the time would have put a reasonable person on notice that the preliminary testimony as to the date of the alleged offense was erroneous.

Very damaging to defendant's position is a *sworn* affidavit filed in the trial court by defendant's counsel in an unsuccessful effort to have Sandal Porter ordered back to Kansas to testify. The affidavit was filed after the preliminary hearing and prior to trial. Although Sandal Porter was not ordered to return to Kansas to testify through the Uniform Act to Secure Attendance of Witnesses, her testimony was subsequently taken for use at the trial by defendant's counsel, who filed the affidavit. The affidavit reads in part:

"[H]e has reason to believe that Sandal Porter was present at times material to the offense charged, specifically late in the afternoon of April 1, 1975, in the presence of Rick Hildebrandt and the defendant. At such time she made certain observations and had certain conversations which are material to the issues in this case."

The defendant, Robert R. White, along with Rick Hildebrandt, Mike and Sandal Porter and their three infant children, Diana Howland (the defendant's sister), and John Holland (Diana Howland's boyfriend) occupied the same house.

Rick Hildebrandt testified for the state and against the defendant. Mike Porter did not testify. Diana Howland testified at the trial she lived at the Porter home in late March and did not see a brown box containing men's costume jewelry in the house or in either Hildebrandt's or the defendant's possession. John Holland did not testify insofar as we can ascertain from the record.

Rick Hildebrandt testified he was in Cimarron, Kansas, at his grandmother's funeral on March 27 and 28, and that he attended

services for his grandmother on the night of March 27 and morning of March 28. Hildebrandt rode to Cimarron with his mother and sisters. He returned to Wichita late on March 31 with the defendant and Mike and Sandal Porter. The defendant and the Porters had gone to Denver, Colorado, on the 29th and returned on the 31st of March. This testimony is important for two reasons. First, Sandal Porter testified in her deposition that she was present when the defendant and Rick Hildebrandt came home from work at Henry's the evening of March 28, 1975. The personnel director at Henry's testified that Rick Hildebrandt did not work the 27th and 28th of March and was off due to his grandmother's funeral. Henry's time records supported the personnel director's testimony. Second, Sandal Porter testified, as did the defendant, that Hildebrandt and defendant had been Easter shopping prior to going to the Porter home. However, Sandal Porter testified in her deposition the date was March 28, 1975, and the defendant testified it was April 1, 1975. Hildebrandt testified they had not been shopping and that Easter had passed. Our calendar indicates Easter was on March 30, 1975.

Defendant testified he recalled the day the theft occurred. He verified he helped unpack the jewelry. He testified the box was reported missing after lunch and denied he had stolen the box of jewelry. The defendant thus knew what day the jewelry was taken and knew that store personnel, including himself, had been interviewed concerning the theft on the day following the theft. Thus, defendant knew he was enroute to Colorado on March 29, knew the theft did not occur on March 28, and could not have been misled or prejudiced. Defendant's employment was terminated on the following Friday, three days after the theft.

The appellant had authority under K.S.A. 22-3201 (5) to request a bill of particulars in order to clarify any discrepancy that may have existed between the information and testimony at the preliminary hearing prior to his conviction. No motion for a bill of particulars was filed. By proceeding to trial on the information under the facts of this case, the defendant waived any right he may have had to require the state to file a bill of particulars. (*State v. Cory*, 211 Kan. 528, 506 P.2d 1115.)

When a defendant or his counsel has actual or constructive knowledge of the date a crime occurred, and when there is a discrepancy between the testimony at the preliminary hearing

and the pleadings regarding the date the crime occurred, if the defendant does not request a bill of particulars or make pretrial discovery, the defendant is not misled or prejudiced thereby.

Appellant next contends he is entitled to a new trial on the grounds of newly discovered evidence based on an affidavit of Sandal Porter. The affidavit of Sandal Porter was obtained after trial.

"The granting or denial of a motion for new trial on the ground of newly discovered evidence rests largely in the sound discretion of the trial court. It must be shown to the trial court's satisfaction that the alleged newly discovered evidence was not within the knowledge of the defendant at the time of his trial (*State v. Williamson,* 210 Kan. 501, 506, 502 P.2d 777) and that such evidence could not with reasonable diligence have been produced at the trial (*State v. Oswald,* 197 Kan. 251, 256, 417 P.2d 261). See also *State v. Collins,* 204 Kan. 55, Syl. 7, 460 P.2d 573." (*State v. Lora,* 213 Kan. 184, 194, 515 P.2d 1086.)

Because we have concluded that the defendant was not misled or prejudiced by the discrepancy between the testimony and the information and that defendant could not reasonably rely on the erroneous testimony, we have no difficulty concluding the trial court did not abuse its discretion in refusing to grant a new trial on the grounds of newly discovered evidence. The appellant has the burden of showing that the evidence which he claims to be newly discovered could not have been produced at trial had the defendant used reasonable diligence. (*State v. Arney,* 218 Kan. 369, 373, 544 P.2d 334.) With reasonable diligence, such evidence could have been produced at the trial.

Appellant argues on appeal that the trial court erred in excluding certain testimony proffered at trial. Appellant advanced the defense theory that Rick Hildebrandt had an equal opportunity and access to the property that was stolen. Appellant then attempted to offer evidence that Hildebrandt had a propensity to steal and offered evidence of two alleged specific instances of theft, not to impeach Hildebrandt's testimony, but to show a trait of his character. Defendant offers no authority other than a reference to K.S.A. 60-446 in support of his position.

The testimony of Robert Howey, a former roommate of Rick Hildebrandt's, was proffered. Howey testified he shared a room with Hildebrandt from November 1972 through January 1973. During that period, Howey cashed a check for twenty dollars one day and "at some point" during the following morning discovered ten dollars was missing. Howey testified that only Rick

Hildebrandt was present in the apartment the night before. When questioned by Howey, Hildebrandt denied any knowledge of the missing ten dollars. On cross-examination, Howey agreed he did not know what happened to the ten dollars and that as far as Howey knew the money could have gone anywhere.

The second incident was related by John Dabrow, executive director of the West Branch YMCA in Wichita. Dabrow testified Hildebrandt worked at the front desk of the YMCA about one year prior to Dabrow's testimony. While Hildebrandt was employed at the YMCA, sixty dollars disappeared. Hildebrandt told Dabrow he loaned it to someone and paid the money back to the YMCA over a period of time. Although Hildebrandt exercised unauthorized control over the YMCA's money, he was not fired over the incident and no criminal charges were brought against him.

The evidence offered was inadmissible. K.S.A. 60-446 allows evidence to be admitted which proves character or a trait of a person's character by proof of specific instances of the witness's conduct. However, K.S.A. 60-447 limits the scope of K.S.A. 60-446 by requiring that the "specific instances" be evidence of conviction of a crime which tends to prove the trait to be bad.

"Where a character trait is relevant, specific instances of conduct (other than evidence of conviction of crime) which tend to prove the trait to be bad is inadmissible." (*State v. Gregory,* 218 Kan. 180, Syl. 6, 542 P.2d 1051.)

The evidence offered did not go to general reputation, nor did it go to criminal conviction, and was therefore inadmissible.

Affirmed.