Samuel Edward DAVID, Jr. *v.* STATE
of Arkansas

CR 79-132                                        601 S.W. 2d 864
Supreme Court of Arkansas
Opinion delivered July 7, 1980

*James C. Campbell of Campbell & Campbell*, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted by a jury on June 27, 1977, on four charges of robbery by the use of a firearm. In the bifurcated trial, he received a sentence of 25 years as a habitual offender with three prior felony convictions.

On appeal it is argued that the court erred in: (1) allowing the state to introduce as evidence in chief the testimony of a witness at a prior trial; (2) holding the witness "unavailable" due to loss of memory; (3) refusing to allow appellant to proffer testimony concerning the witness's loss of memory; (4) allowing a deputy sheriff to be present while defense counsel interviewed a witness; and, (5) permitting the state to introduce the entire tape recorded statement of the witness which was made to the police at the time of his arrest.

We reverse and remand for reasons stated in this opinion.

Four persons were originally charged as co-defendants in a four-count information alleging robbery with a firearm. Robert and Noah Russell pled guilty to the charges, and each received a 15-year sentence. They were nephews of the appellant. Carmen Burnett was tried and convicted, and her case was reversed by this court. On her second trial, a joint trial with appellant, she was again convicted. Carmen Burnett was the girlfriend of appellant. She and the appellant were convicted, and on appeal her case was affirmed and his reversed.

At the trial involved here, all three co-defendants were brought from the Department of Correction to testify as witnesses on behalf of the state.

The first witness called was Robert Russell, and he denied any recollection of the appellant being involved in any of the robberies. The state was surprised and called for a recess. At the in-chambers hearing, the state was unable to get the witness to recall prior testimony implicating the appellant. He recalled most other details of the crimes but steadfastly denied remembering that appellant took any part in the robberies. The witness did recall stating that he had been beaten by Major D. Jarnett of the Department of Correction and had been ordered to implicate the appellant at the former trial. He indicated the prior trial was held more than two years previously, and he could not remember all of his testimony. At this point the following took place:

The Court:

Well now, Mr. Russell, you're working up to the possibility where I may have to set aside the convictions and try your cases over because you made statements in court, under oath, as to your involvement and the involvement of Carmen Burnett and Mr. David when you entered pleas of guilty. You've also testified twice since then under oath involving Mr. David and Mrs. Burnett. And, since your mind is a complete blank, the Court is going to grant the State's request and will consider a State's request to set aside your convictions and to try you over.

Mr. Hurst:

Your Honor, I would like to say something for purposes of the record.

The Court:

Now, he can make up his mind whether he wants to be tried on these four robberies or not.

Mr. Hurst:

Your Honor, I think in a review of the transcript of his sentencing, he never mentions the name of Sam David,

and he certainly wouldn't feel it would vacate his conviction.

The Court:

That is the Court's ruling. Either he's telling the truth when he testified and when he entered his plea or he's lying now. The Court is going to accept that at face value. That will be if Mr. Russell — ***

The court then declared the witness was unavailable pursuant to Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979), Rule 804 (a)(3); therefore, his testimony at the former trial was admitted in its entirety over the objection of the appellant's attorney. The witness was declared, by the court, not to be a witness for the state; and, no cross-examination was allowed by appellant's attorney for the purpose of testing the memory of the witness. In fact, the court declared this witness would be a witness for the defense rather than the state and excluded him from the courtroom.

After the court ruled in chambers that the witness was unavailable, the trial was immediately resumed before the jury. Appellant's attorney attempted to cross-examine Robert Russell then, but the court would not allow him to do so. The attorney then requested the opportunity to proffer the testimony of the witness into the record. Three times the court rejected the request of proffer.

When appellant's attorney was permitted to speak to Robert Russell the next day, the court, at the request of the state, ordered a deputy sheriff to remain with the witness during the interview for the purpose of listening to the conversation to determine if the witness had regained his memory.

Later in the trial when Robert Russell was called by the defense, the court allowed the state to play a taped conversation between the witness and the Hot Springs Police Department to rebut his testimony. The tape was played in its entirety, and it allegedly included matters not testified to on direct examination.

Finally, evidence of three prior convictions was introduced during the penalty stage of the trial, but these are not abstracted for the record.

The first three points argued for reversal are so interrelated we shall discuss them together. All of these points relate to the matter of whether the witness Robert Russell was "unavailable" as defined by Uniform Rules of Evidence, Rule 804(a) which states:

(a) Definition of Unavailability. "Unavailability as a witness" includes situations in which the declarant:

(1) Is exempted by a ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement;

(2) Persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so;

(3) Testifies to a lack of memory of the subject matter of his statement;

(4) Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

(5) Is absent from the hearing and the proponent of his statement has been unable to procure his attendance . . .

In reviewing the testimony of the witness in this case, it appears his memory on the subject matter of his prior statement was rather complete, except he could not remember testifying that appellant was involved in the robberies. It is obvious the court felt the witness was not telling the truth. The penalty for perjury is quite severe, but apparent perjury does not justify the court in threatening the witness as was done in this case nor affect the right of the accused to a complete and fair trial, including the right of cross-examination and of proffering testimony.

Subsections 1, 2, 3, and 4 of Rule 804(a) provide that a witness is unavailable if he claims a privilege (as by invoking the Fifth Amendment), persists in refusing to testify about the subject matter of his prior statement, *testifies* to a lack of memory on that subject, or is unable to testify because of death or physical or mental illness or infirmity. The present situation falls within subsection (3), because the witness testified that he was unable to remember that the appellant was involved in the robberies.

The witness's prior statement would formerly have been admissible only for the purpose of impeachment. *Martin and Woodard* v. *State*, 178 Ark. 1117, 13 S.W. 2d 597 (1929). That limitation, however, has been removed by Uniform Rule 801 (d)(1), which provides that a prior statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is inconsistent with his testimony and, if offered in criminal proceeding, was given under oath and subject to the penalty of perjury. See Field, A Code of Evidence For Arkansas?, 29 Ark. L. Rev. 1, 32 (1975).

Hence, in the circumstances, Robert Russell became unavailable as a witness, and his prior statement on the loss of memory of the subject matter was admissible as substantive evidence for the state. Nevertheless, under Uniform Rule 613(b) Russell was entitled to an opportunity to explain or deny his former statement. The court denied him that opportunity. Moreover, it seems fairly obvious from the record that appellant's attorney intended to elicit testimony from the witness that there were some details of his two year old testimony which he could not recall even though his memory on the subject matter was otherwise good. We think it was an abuse of the trial court's discretion to refuse the appellant the right to make a proffer of testimony during the in-chambers hearing.

It was also error for the court to permit a deputy sheriff to listen to the interview of the witness by the defense counsel. An attorney has the right to interview his own witness privately if the witness is agreeable. Security was apparently not the reason for allowing the deputy's presence during the

interview. If security were involved, the attorney and the witness may well have been placed in a cell or holding room during the interview. Intimidation of a witness, even out of the presence of the jury, will not be tolerated and constitutes prejudicial error. *Watkins, Broomfield and Matlock* v. *State*, 222 Ark. 444, 261 S.W. 2d 274 (1953).

We do not ignore the state's argument that certain points are raised for the first time on appeal. We believe the trial court prohibited the development of the record on both the cross-examination and proffer of evidence. We are fully aware of the requirements of timely objections in order to prevent waiver. It is not intended that we depart from the rule but rather that we find in this case that the trial court prevented timely objection, cross-examination, and proffer of evidence.

Finally, the taped conversation of witness Robert Russell and members of the Hot Springs Police Department was played in its entirety to the jury as rebuttal testimony. Since the tape was not abstracted, we are unable to state it was prejudicial. However, on retrial it will, no doubt, be determined prior to admission whether it is proper rebuttal. The court's ruling on the purpose of admitting the tape is not clear. Apparently, there was at least some excludable hearsay in the tape. If it is transcribed, such material might well be deleted.

Reversed and remanded.