STATE of Utah, Plaintiff and
Respondent,

v.

Thomas D. MARCUM, Defendant
and Appellant.

No. 20768.

Supreme Court of Utah.

Jan. 21, 1988.

David Grindstaff, Salt Lake City, John G. Mulliner, Provo, for defendant and appellant.

David L. Wilkinson, Earl F. Dorius, for plaintiff and respondent.

HOWE, Justice:

Defendant appeals his conviction of sexual abuse of a child. Utah Code Ann. § 76–5–404.1 (1978, Supp.1987).

In response to accusations that her husband, the defendant, had been molesting their seven-year-old daughter, Sue Marcum asked Marjan Martin, a social worker, to interview the child. In the interview held on January 15, 1985, the child said her father would lay her down on her bed, take her clothes off, and touch her when her mother was not at home. She also said that "in the night I wake up and he puts his finger inside me." The child told Martin that these incidents had occurred about once a week, sometimes more, for approximately one year. A few days later, the child was taken to see Kathryn Patterson, a clinical social worker at Primary Children's Hospital. There, the child talked about her father's touching her vagina in the swimming pool at their apartment on September 27, 1984. She also said she remembered other incidents which occurred on the 13th and 27th of August and the 8th of May.

A criminal information was filed February 8, 1985, charging that "on or about October 29, 1984 ... [defendant] did knowingly or intentionally touch the anus, buttocks or genitalia of a child under the age of 14 with the intent to arouse or gratify his sexual desires." At trial, the victim

testified that she could not remember any abuse occurring on or about the 29th of October, the date stated in the information. She said she could not remember that her father ever took her clothes off and touched her. She did indicate on a doll where her father had touched her but could not remember if he touched her with her clothes on or off. When she was asked if what she had told Martin and Patterson was true, she answered "Yes." On cross-examination, she indicated that her father had touched her vagina in the swimming pool and in the bathroom.

Both Martin and Patterson testified as to what the child had told them. The defense made no objection to this testimony. Defendant moved to have the victim's testimony stricken on the ground that she was not a competent witness, in that she did not understand the meaning of the oath to tell the truth as evidenced by her contradictory statements. The trial court denied this motion and a motion to dismiss for insufficiency of the evidence. The jury returned a guilty verdict from which defendant appeals.

## I.

Defendant contends that the child's testimony failed to support the charge against him since she could not recall any abuse occurring on the date alleged in the information, nor could she remember whether defendant touched her with her clothes on or off. The uncertainty of her testimony was further compounded by the inconsistent and sometimes conflicting accounts of where the abuse took place. Defendant argues that given such contradictory stories, there was reasonable doubt, as a matter of law, as to his guilt.

The child's testimony that she could not remember any abuse occurring on the date alleged in the information does not support defendant's claim of insufficient evidence to support his conviction. Time was not an element of the offense that the State was required to prove. "When the prosecution does not have to prove the precise time of the offense, insufficiency of the evidence on that point is not a ground upon which the verdict can be attacked." *State v. Fulton*, 742 P.2d 1208, 1213 (Utah 1987). Inconsistency in the testimony does not warrant disturbing the jury's verdict. *State v. Howell*, 649 P.2d 91, 97 (Utah 1982). Such inconsistencies go merely to the weight of the evidence and the credibility of the witnesses. Regarding sufficiency of the evidence, this Court has stated:

> [W]e review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury. We reverse a jury conviction for insufficient evidence only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted.

*State v. Miller*, 709 P.2d 350, 354–55 (Utah 1985); *State v. Petree*, 659 P.2d 443, 444 (Utah 1983) (citations omitted).

The different locations given for the abuse are consistent with the testimony that the abuse was frequent and ongoing during the course of the year. The testimony was sufficient to establish that defendant, on at least one occasion in the fall of 1984, touched the genitals of a child under fourteen with the intent to arouse or gratify sexual desire. Thus, the evidence taken in a light most favorable to the verdict establishes the elements of the crime charged and is sufficient to support the conviction.

## II.

Defendant contends that the evidence produced at trial varied from the date listed in the information; therefore, he did not have adequate notice of the charge and could not present an effective defense.

A variance is material if it actually prejudices the accused with respect to a substantial right, or where the information is so defective that it results in a miscarriage of justice. *Watkins v. Sheriff, Clark County*, 87 Nev. 233, 236, 484 P.2d 1086, 1088 (1971). Where there has been a mate-

rial variance, relief should be granted on appeal. However, if a defendant's substantial rights are not prejudiced, a variance in the evidence from the date alleged in the information is not grounds for reversal so long as the evidence supports a conviction for the offense within the statute of limitations. *State v. White*, 1 Kan.App.2d 452, 571 P.2d 6 (1977); *State v. Sisson*, 217 Kan. 475, 536 P.2d 1369 (1975).

In the instant case, there was testimony that the abuse had happened as frequently as once a week over a period of time that included the date alleged in the information. Therefore, there was some evidence to support the charge as listed in the information. "It has become elementary law, in this jurisdiction, at least, that the act need not be proved on the precise day alleged in the information." *State v. Bayes*, 47 Utah 474, 478, 155 P. 335, 336 (1916). Also, evidence of abuse on dates other than the dates stated in the indictment was received without objection. If defendant was surprised or his defense prejudiced by such evidence, an objection should have been made at trial to properly preserve the issue on appeal. *See State v. Fulton*, 742 P.2d at 1215–16; *State v. Watson*, 684 P.2d 39 (Utah 1984). An objection would have provided an opportunity to cure any defect at the trial level. Utah Code Ann. § 77–35–4(d) (1982) allows the trial court to amend the information at any time prior to the verdict, so long as no additional or different offense is charged and the rights of the accused are not prejudiced. *State v. Wilson*, 642 P.2d 394, 396 (Utah 1982). When the prosecution so alters its position, the defense may seek a continuance to avoid any possible prejudicial effects.

Here, defendant allowed the evidence to come in without objection. His position was, and he so testified, that he had not at any time touched her genitals except more than three years earlier when he had cleaned her vaginal area while changing her diapers. He did not seek a continu-

ance; therefore, any claim of a prejudicial variance was waived. Utah R.Crim.P. 12(d); *State v. Fulton*, 742 P.2d at 1215–16.

### III.

At the time of trial,[1] section 76–5–411 (1978, Supp.1983) read, in part:

(1) Notwithstanding any other provision of law or rule of evidence, a child victim's out of court statement regarding sexual abuse of the child is admissible into evidence though it does not qualify under an existing hearsay exception, so long as: (1) the child testifies; or (2) in the event the child does not testify, there is other corroborative evidence of the abuse. Before admitting such a statement into evidence, the judge shall determine whether the general purposes of the evidence are such that the interest of justice will best be served by admission of the statement into evidence. In addition, the court shall consider the age and maturity of the child, the nature and duration of the abuse, the relationship of the child to the offender, the reliability of the assertion, and the reliability of the child witness, in deciding whether to admit such a statement.

Defendant contends that even though the victim testified at trial, because she did not remember whether she was clothed when her father touched her, she should be regarded as a child who "does not testify" within the meaning of the foregoing statute, and the abuse charged must be corroborated before her out-of-court statement can be admitted into evidence. Defendant buttresses this argument by referring to rule 804(a)(3), Utah Rules of Evidence, wherein a witness is "unavailable" who "testifies to a lack of memory of the subject matter of his statement." Again, defendant did not raise this objection at trial; therefore, any objection as to the admission of the child's statement must be deemed to have been waived. If we were to address the merits, we believe that

---

1. Section 76–5–411 was rewritten in 1985 (1985 Utah Laws, ch. 74, § 2), however the basic premise of the statute remained unchanged.

the child's inability to answer one question because of lack of memory does not make her a witness who "does not testify." The child answered other questions, although many of the answers given contradicted her earlier out-of-court statements. A witness should be found unavailable under rule 804(a)(3) only if he insists he has *no* recollection of the alleged crime. *See United States v. Hsu,* 439 A.2d 469 (D.C. 1981); *People v. Liddicoat,* 120 Cal.App.3d 512, 174 Cal.Rptr. 649 (1981); *David v. State,* 269 Ark. 498, 601 S.W.2d 864 (1980).

However, section 76–5–411 also requires that even if the victim testifies at trial, a determination shall be made prior to admission of the victim's out-of-court statements that the "interest of justice will be best served" by the admission of the statements. Defendant contends that no such determination was made in this case and therefore the statements were not properly received into evidence.

■ The statute lists several factors that should be considered in making the determination, such as the age and maturity of the child, the nature and duration of the abuse, the relationship between the child and the offender, and the reliability of the child and the assertion. Although the record before us does not contain findings of the trial court that such a determination was made, no objection was raised by defendant at trial as to lack of findings. *See State v. Nelson,* 725 P.2d 1353, 1355 n. 3 (Utah 1986). The burden of showing error is on the party who seeks to upset the judgment. Absent evidence to the contrary, the regularity of the proceeding below should be assumed. *State v. Jones,* 657 P.2d 1263, 1267 (Utah 1982); *State v. Hamilton,* 18 Utah 2d 234, 239, 419 P.2d 770, 773 (1966).

### IV.

■ The sixth amendment to the U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." This right is also guaranteed by article I, section 12 of the Utah Constitution. Where the declarant of the out-of-court statement testifies and is subject to cross-examination, admission of out-of-court statements does not deny a defendant his right of confrontation. *State v. Loughton,* 747 P.2d 426 (Utah 1987); *State v. Fulton,* 742 P.2d at 1218–19; *State v. Nelson,* 725 P.2d at 1356; *California v. Green,* 399 U.S. 149, 162, 90 S.Ct. 1930, 1937, 26 L.Ed.2d 489 (1970).

In the instant case, the victim testified at trial and was cross-examined. Likewise, the persons relating the out-of-court statements testified and were cross-examined regarding those statements. We find that defendant received the opportunity to confront the witnesses called against him.

Defendant also claims that Utah Code Ann. § 76–5–410 (1978, Supp.1983) effectively denies the right to cross-examine by declaring child victims of sexual abuse, as a class, competent to testify without determining the competency of the individual. We addressed the concerns that section 76–5–410 may allow incompetent testimony to be admissible in *State v. Fulton,* 742 P.2d at 1217–19. There, we upheld section 76–5–410, stating that rule 403 of the Utah Rules of Evidence would prevent the admission of incompetent testimony.

Having reviewed defendant's arguments, we find that the evidence was sufficient to support the conviction. Defendant received adequate notice of the charge. The out-of-court statements of the victim were properly admitted, and defendant received the opportunity to confront the witnesses called against him. We affirm the conviction.

HALL, C.J., and ZIMMERMAN, J., concur.

STEWART, Associate C.J., and, DURHAM, J., concur in the result.