**STATE of Utah, Plaintiff and Respondent,**

v.

**Eddie Walter BARELA, Defendant and Appellant.**

**No. 880547–CA.**

Court of Appeals of Utah.

Sept. 7, 1989.

---

Quinn D. Hunsaker (argued), Brigham City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Dan R. Larsen (argued), Asst. Atty. Gen., for plaintiff and respondent.

Before BILLINGS, GARFF and GREENWOOD, JJ.

## OPINION

BILLINGS, Judge:

Defendant Eddie Walter Barela appeals from his conviction of incest, a third degree felony, in violation of Utah Code Ann. § 76-7-102 (1989). Defendant contends the trial court violated his constitutional right of confrontation by admitting the victim's preliminary hearing testimony at trial, even though the victim was physically present. We reverse and remand for further proceedings consistent with this opinion.

## FACTS

Defendant was charged with incest for engaging in sexual intercourse with his twenty-one-year-old sister who suffered from severe cerebral palsy.

On January 3, 1986, a preliminary hearing was held. Both the victim and the victim's mother testified at the hearing concerning the events leading up to defendant's arrest for incest. Defendant was present at the preliminary hearing, and represented by counsel who cross-examined the State's witnesses. Based on the evidence presented at the preliminary hearing, defendant was bound over for trial.

Trial was originally set for June 6, 1987. On that date, both the defendant and his counsel failed to appear. During the next year, three bench warrants were issued for defendant for his failure to appear in court and keep in contact with his attorney. Ultimately, a new trial date was set for June 1, 1988. Defendant and his counsel appeared but the victim and her mother, although subpoenaed, failed to appear. The trial court issued a bench warrant for their arrest on charges of contempt, and directed law enforcement officers to locate both witnesses and bring them before the court.

The prosecution then requested the court to admit into evidence the preliminary hearing testimony of the victim and her mother. In response, defendant moved to strike certain objectionable statements from the transcript. The trial judge admitted the testimony after striking the portions objected to by defense counsel.

Prior to the conclusion of the State's case, the victim and her mother were located and brought into court. As a result, defense counsel moved to strike their preliminary hearing testimony from the record. The court took the motion under advisement stating, "[t]he fact that they're present doesn't necessarily mean they're available under the rule."

Both witnesses were instructed that they were under arrest for contempt of court until they testified. Nonetheless, the victim's mother refused to testify against her son, and claimed she could not remember the facts of the case due to an intervening illness. Defense counsel then withdrew his motion to strike the mother's preliminary hearing testimony.

The victim took the stand, and testified in a confused manner about her previous testimony and the alleged incest. Upon further questioning by the prosecutor, the victim became emotionally agitated. The court took a brief recess after which the court found that because of the victim's emotional and physical condition, the court

would not require her to testify. The prosecution rested its case. Defendant renewed his motion to strike the victim's preliminary hearing testimony.

Subsequently, the court ruled that the victim's preliminary hearing testimony was admissible pursuant to Utah R.Evid. 803(24) and 804. Based almost exclusively on the victim's preliminary hearing testimony, the court found defendant guilty of incest.

On appeal, defendant claims the trial court violated his right of confrontation as guaranteed by the Sixth Amendment to the United States Constitution, and article I, section 12 of the Utah Constitution when the court admitted the victim's preliminary hearing testimony at trial.[1]

A trial court's evidentiary rulings will not be disturbed on appeal absent a showing that the court abused its discretion. *See, e.g., State v. Lovell,* 758 P.2d 909, 912 (Utah 1988); *State v. Brooks,* 638 P.2d 537, 539 (Utah 1981); *State v. Casias,* 772 P.2d 975, 977 (Utah Ct.App.1989).

## CONFRONTATION

The Sixth Amendment to the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right.... to be confronted with the witnesses against him...." Courts do not construe the Sixth Amendment literally. That is because "[i]f one were to read this language literally, it would require the exclusion of any statement made by a declarant not present at trial.... If literally applied, the Clause would abrogate virtually every hearsay exception, a result long rejected as unintended and too extreme." *Burns v. Clusen,* 599 F.Supp. 1438, 1441 (D.Wis.1984), *aff'd,* 798 F.2d 931 (7th Cir. 1986).

Rather, in considering the relationship between the confrontation clause and the hearsay rule, our supreme court has adopted a two-prong test enunciated by the United States Supreme Court in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The admission of prior testimony does not violate a defendant's right of confrontation if two requirements are met. "The first requirement is that the witness must be unavailable; the second requirement is that the testimony must bear sufficient indicia of reliability to permit its introduction at trial." *State v. Brooks,* 638 P.2d at 537, 539 (Utah 1981).[2] *Accord State v. Chapman,* 655 P.2d 1119, 1121 (Utah 1982). Moreover, since it is the State that seeks to admit the preliminary hearing testimony on the basis of unavailability, the State bears the burden of establishing unavailability by competent evidence. *See, e.g., People v. Williams,* 93 Cal.App.3d 40, 155 Cal.Rptr. 414, 419 (1979); *People v. District Court of Colorado,* 667 P.2d 1384, 1390 (Colo.1983). "[F]or a witness to be constitutionally unavailable, it must be practically impossible to produce the witness in court. It is not enough to show that the witness would be uncomfortable on the stand or that testifying would

---

1. Although defendant asserts error under both the state and federal constitutions, he has not independently briefed his state constitutional argument thus, we address the confrontation challenge under a federal analysis only. *Cf. State v. Webb,* 779 P.2d 1108, 1111 n. 4 (Utah 1989); *State v. Lafferty,* 749 P.2d 1239, 1247 n. 5 (Utah 1988).

2. The State argues that the victim's preliminary hearing testimony was admissible under either Utah R.Evid. 803(24) or 804(a). The State cites no cases that support admitting preliminary hearing testimony under the general catch-all provisions of Rule 803(24). Our independent research has similarly failed to disclose such a case. Furthermore, it is clear from a close reading of the United States Supreme Court's decision in *Ohio v. Roberts,* and our supreme court's decision in *State v. Brooks,* that the confrontation clause *requires* a finding of unavailability.

> The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay. First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case (including cases where prior cross-examination has occurred), *the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant.*

*Ohio v. Roberts,* 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980) (emphasis added).

be stressful." *State v. Webb*, 779 P.2d 1108, —— (Utah 1989).

## UNAVAILABILITY

Whether a witness is "unavailable," is controlled by Utah R.Evid. 804(a) which provides:

(a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant:

(1) is exempted by ruling of the court on the grounds of privilege from testifying concerning the subject matter of his statement; or

(2) persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or

(3) testifies to a lack of memory of the subject matter of his statement; or

(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means.

In determining unavailability, the focus is not on the unavailability of the witness per se, but on the unavailability of his or her testimony. *See, e.g., Thomas v. Cardwell*, 626 F.2d 1375, 1385 (9th Cir. 1980), *cert. denied*, 449 U.S. 1089, 101 S.Ct. 881, 66 L.Ed.2d 816 (1981); *State v. Thomas*, 110 Ariz. 120, 515 P.2d 865, 871 (1973).

For ease of discussion, we set forth the victim's limited trial testimony, which provides in relevant part:

Q. Are you related to the defendant here, Eddie Walter Barela?

A. Yes.

Q. Is he your brother?

A. Yes.

Q. Do you remember testifying at a preliminary hearing in the circuit court on the same matter?

A. What's that?

Q. Do you remember testifying once before about this case over in the circuit court?

A. I don't know.

Q. Okay. You can just say yes or no. Do you remember that or not?

A. Did I come to court—

Q. Yes.

A. —Before?

Q. Do you remember coming to court and testifying in this same matter?

A. Yeah.

Q. Do you?

A. I think so.

Q. Do you understand why we're here today and the charge against your brother?

A. I don't know. I—I don't know.

Q. Let me ask you some of the same questions you were asked before at that other hearing. First, let me ask you, did you have a pregnancy terminated recently by an abortion?

A. I went to the hospital once, but they didn't tell me what for.

Q. Did you have an abortion?

A. My mother just said I had to go get a little operation.

Q. Okay. Your mother told you you had to get a little operation?

A. Uh-huh.

Q. Okay. Who got you pregnant?

A. Do I have to answer these stupid—

The trial court then took a brief recess. Following the recess, the court stated:

[The victim] has taken the stand, has testified, that she is suffering from a substantial debilitating condition resulting from, by the doctor's testimony, of cerebral palsy. Because of the circumstances surrounding that and her emotion at this time, I'm not going to require her to testify further. I'm going to excuse both her and [her mother].

Based on the foregoing, the trial court found the victim unavailable under Rule 804(a)(2), (3), and (4). We address each separately.

Rule 804(a)(2) provides that a witness is unavailable when he or she refuses to testify despite an order from the court directing the witness to do so. We are unable to find relevant Utah authority interpreting subsection 804(a)(2). However, it is clear that a witness who "though present—refused to testify is just as surely 'unavailable' as the witness who stepped across a state line to avoid service of a subpoena." *Johnson v. People*, 152 Colo. 586, 384 P.2d 454, 457 (1963), *cert. denied*, 376 U.S. 922, 84 S.Ct. 682, 11 L.Ed.2d 617 (1964). The State argues that the victim's reluctant responses to several questions at trial can be equated with a refusal to testify.

We believe the operative term in Rule 804(a)(2) is "persists," and we conclude the evidence simply does not support the trial court's finding that the victim persisted in refusing to testify. When asked a single question, the victim simply responded, "do I have to answer these stupid—"? It was at that precise moment that the trial proceedings were interrupted. The record contains no further inquiries by the court, and certainly no clear order that she testify. *Cf. State v. Thomas*, 110 Ariz. 120, 515 P.2d 865, 870 (1973) (it was clear witness was incapable of testifying or was refusing to testify); *State v. Terry*, 202 Kan. 599, 451 P.2d 211, 213 (1969) (witnesses "flatly" refused to testify). Accordingly, we find the trial court abused its discretion in concluding that the victim was unavailable under Utah R.Evid. 804(a)(2).

The State further relies on Rule 804(a)(3) which states that a witness is unavailable if he or she "testifies as to a lack of memory of the subject matter of his [or her] statement...."

The State argues that based on the victim's trial testimony set forth earlier in our opinion, the State established that the victim had no memory of the crime or her preliminary hearing testimony. The State attempts to distinguish *State v. Marcum*, 750 P.2d 599 (Utah 1988), where our supreme court ruled that a witness was not unavailable even though she could not remember the entire factual situation. The State claims *Marcum* dealt with a lack of

memory regarding a singular factual issue, whereas the present case involves a witness not being able to recall ever having testified about the case at the preliminary hearing.

The State's attempts to distinguish *Marcum* are unavailing. In *Marcum*, the supreme court, although in dicta, stated that "[a] witness should be found unavailable under rule 804(a)(3) only if he insists he has *no* recollection of the alleged crime." *Marcum*, 750 P.2d at 603. *See also United States v. Hsu*, 439 A.2d 469, 470–71 (D.C. 1981) (witness claimed absolutely no recollection of the events leading up to subject matter at issue).

In this case, the record fails to reveal the type of probing questions necessary to demonstrate that the victim was unavailable due to a total or partial lack of memory. When questioned about her preliminary hearing testimony, although somewhat confused, the victim stated that she could remember coming to court and testifying. The victim did not insist that she could not recollect the facts surrounding the crime. In fact she was not even asked about the circumstances surrounding the crime. In short, the court did not sufficiently probe her lack of memory to establish that she was unavailable under Rule 804(a)(3). *Cf. Thomas v. Cardwell*, 626 F.2d 1375, 1384 (9th Cir.1980), *cert. denied*, 449 U.S. 1089, 101 S.Ct. 881, 66 L.Ed.2d 816 (1981); *United States v. Collins*, 478 F.2d 837, 838 (5th Cir.1973), *cert. denied*, 414 U.S. 1010, 94 S.Ct. 373, 38 L.Ed.2d 248 (1973); *Commonwealth v. Jones*, 344 Pa. Super. 420, 496 A.2d 1177, 1179–81 (1985); *Commonwealth v. Graves*, 484 Pa. 29, 398 A.2d 644, 647–49 (1979).

■ Finally, the State contends that the trial court properly found the victim unavailable because of a physical or mental illness or infirmity under Rule 804(a)(4). Again, there are no relevant Utah cases addressing this provision. However, several courts have concluded that in certain situations, a witness may be excused from testifying upon a showing that requiring the witness to testify would pose a significant threat to his or her physical or emo-

tional well-being. *See, e.g., People v. Williams*, 93 Cal.App.3d 40, 155 Cal.Rptr. 414, 421 (1979); *State v. Kuone*, 243 Kan. 218, 757 P.2d 289, 295–97 (1988). However, mere passing discomfort or inconvenience does not satisfy the requirements of Rule 804(a) or the confrontation clause. *See, e.g., State v. Webb*, 779 P.2d 1108, (Utah 1989); *People v. District Court of Colorado*, 667 P.2d 1384, 1390 (Colo.1983).

Although two physicians testified at trial, neither stated that the victim's mental or physical condition prevented her from testifying or that forcing her to testify would jeopardize her health. There was no medical testimony stating that the victim's cerebral palsy, alone, precluded her from competently testifying. Neither was there a showing on the record that the victim was in such a fragile mental or emotional state at the time of trial that she either could not testify or that to force her to do so would pose a grave risk to her emotional well-being. Accordingly, based on the record before us, the trial court abused its discretion in finding the victim unavailable under Utah R.Evid. 804(a)(4).

We hold the trial court's finding of unavailability under various provisions of Rule 804(a) is not supported by the record. Thus, the trial court improperly admitted the victim's preliminary hearing testimony into evidence at trial. Accordingly, we reverse the conviction and judgment of the trial court, and remand for a new trial consistent with this opinion.[3]

GARFF and GREENWOOD, JJ., concur.

3. *Compare State v. Sorenson*, 758 P.2d 466, 470 n. 4 (Utah Ct.App.1988) *with State v. Lamorie*, 610 P.2d 342, 347 (Utah 1980). "Reversal and remand for a new trial does not place the ac-
cused in double jeopardy where the error giving rise to the reversal is merely trial error, as distinguished from insufficiency of the evidence." *Lamorie*, 610 P.2d at 347.