[Crim. No. 4820.   Second Dist., Div. Two.   Sept. 24, 1952.]

THE PEOPLE, Respondent, v. WESLEY E. ENOCHS, Appellant.

William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of (1) forcible rape and (2) robbery, after trial before the court without a jury, defendant appeals. There is also an appeal from the order denying his motion for a new trial.

*Facts:* On January 16, 1951, the prosecuting witness, a young woman 5 feet, 2 inches tall and weighing about 95 pounds, who had two days previously been released from the hospital, entered a café near 4th and Olive Streets in Los Angeles for dinner. While eating she was accosted by defendant to whom she had previously been introduced, who bothered her to the extent that she complained to the bartender about defendant's behavior. The bartender asked defendant to leave the prosecutrix alone and defendant said he would.

About 9:30 p.m. the prosecutrix left the café and shortly thereafter defendant also left. The prosecutrix took a bus and alighted therefrom at Temple and Edgeward Road which was near her home. After she had walked about a block and one half, defendant, who was about 5 feet 9 inches in height and weighed about 190 pounds, came up behind her, grasped her, and after a struggle she was forced to the ground whereupon he tied a handkerchief over her mouth, told her to "shut up" and then without her consent, she being in fear of him, had an act of sexual intercourse with her.

Afterward he took $22 and a fountain pen from her purse and fled.

*Questions:* First: *Is there substantial evidence to sustain the trial court's finding that defendant forcibly raped the prosecutrix?*

*Yes.* The prosecutrix testified that defendant grasped her from behind, tied a handkerchief over her mouth, threw her to the ground and while she was in fear of him had an act of

sexual intercourse with her. This evidence was sufficient to sustain the trial court's finding that defendant had forcibly raped the prosecutrix.

■ Second: *Did the evidence support the trial court's finding that defendant robbed the prosecutrix?*

*Yes.* The prosecutrix testified that defendant, after raping her and while she was still in fear of him, took $22 and her fountain pen from her purse. Clearly this sustains the finding.

■ Third: *Did the evidence establish the identity of defendant as the attacker?*

*Yes.* The prosecutrix, who had met defendant previously to the night in question, positively identified him as the perpetrator of the crime. This testimony which was believed by the trial judge was sufficient to sustain this questioned finding. (*People* v. *Newman,* 102 Cal.App.2d 302, 305 et seq. [227 P.2d 470].)

■ Fourth: *Was the testimony of the prosecuting witness improbable?*

*No.* Testimony of the prosecuting witness was credible, contained no inconsistencies or equivocations, was given in a straightforward and direct manner and was corroborated in many important details by independent evidence, including that of the bartender at the cafe where the prosecutrix had dined earlier in the evening, to the effect that defendant had annoyed her and that the bartender had requested him not to bother the prosecutrix.

The record is free from error and fully sustains the judgment.

The judgment and order are and each is affirmed.

Moore, P. J., and Fox, J., concurred.