[Crim. No. 3439.   Third Dist.   Oct. 21, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES H. JONES, Defendant and Appellant.

William H. Abbot for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and John Giordano, Deputy Attorney General, for Plaintiff and Respondent.

VAN DYKE, J.*—Appellant was charged with forcible rape, tried to a jury and convicted. He appeals from the

_____

*Retired Presiding Justice of the District Court of Appeal sitting pro tempore under assignment by the Chairman of the Judicial Council.

judgment. The prosecutrix lived near where the appellant resided. About 1:30 a.m. on August 4, 1962, she was awakened by a young Negro man who, covering her mouth with one hand while he held a knife to her throat with the other, proceeded to rape her. The sole contention on appeal is that the identification of appellant as the rapist is legally insufficient. We find the contention without merit.

The strength or weakness of identification is a matter solely within the province of the jury. (*People* v. *Coleman*, 83 Cal.App.2d 812, 816 [189 P.2d 845]; *People* v. *Finkel*, 70 Cal.App.2d 508, 514 [161 P.2d 298].) The jury's determination must be upheld unless the evidence of identification is inherently improbable or incredible as a matter of law. (*People* v. *Austin*, 198 Cal.App.2d 669, 672 [18 Cal.Rptr. 209]; *People* v. *Coleman, supra*, at p. 816.)

The identification of the appellant by the prosecutrix did not identify him positively. The crime was committed during the night but the prosecutrix was able to identify her assailant to some degree. She testified that while she was sleeping someone shook her; she looked up and saw a black face; her assailant was a Negro; though he talked, she was unable to hear because she was not wearing her double hearing aids and without them she could not understand what he was saying; that she knew appellant had a long thin face as did her assailant; that appellant is a small man of slight build as was her assailant; that from these similarities she thought appellant was her attacker.

If the foregoing identification was all the record shows upon that issue, it would have to be said that the identification was most unsatisfactory. However, it was helped out convincingly by evidence that appellant's fingerprint was on the top of a chest-type freezer standing below a window embrasure from which embrasure an outside screen had been taken off and left upon the ground. Appellant testified that he had not been in the prosecutrix's home for many months, and the prosecutrix testified that she not only dusted but polished the surface of the freezer frequently. A criminologist testified that such dusting and polishing would have completely erased a fingerprint left months before the crime was committed. She further testified that when she went to bed that night she locked all the doors and windows and that after the attack she went through the house and found the window located over the freezer open. The foregoing was

ample proof to leave the matter of identification as something for the jury to decide.

The judgment is affirmed.

Pierce, P. J., and Schottky, J., concurred.