[Crim. No. 15052. Second Dist., Div. One. Nov. 25, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. CARL HAROLD FRANKLIN, Defendant and Appellant.

644

Albert D. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard Tanzer, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of rape (§ 261, subd. 3, Pen. Code).

In an information filed in Los Angeles on September 11, 1967, appellant herein was charged in count 1 with raping Valerie King on or about June 26, 1967. Counts 2 and 3 of the information referred to appellant's codefendant Tommy Lee Ray wherein he was charged in count 2 with having raped Valerie King at the time and occasion above mentioned. Each of the defendants pleaded not guilty. The prosecutor's motion to consolidate the cause for trial with People v. Dizadare, No. A001504 (another forcible rape charge upon Valerie King) was granted. A jury trial was waived. Defendants were found guilty as charged. Appellant was sentenced to the state prison. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: on June 25, 1967, in the evening, Valerie King upon invitation got into a car in which Franklin was riding. Thereafter the car in which appellant and Valerie King were riding was driven to the residence of Diana Hill where the latter agreed to go skating with the group. Contrary to the first understanding that they were going to a skating rink in Hollywood the car was driven to an outlying area where ultimately and after the purchase of some liquor Miss King was asked to enter a room of a home of a relative of one of the men in the group. An effort was made by one of the men to have an act of sexual intercourse with Miss King. She resisted and finally got out of the house and into a car which was parked outside. Ultimately after riding around in the Pacific Coast Highway area the car in which Miss King was riding was parked in a vacant lot.

Shortly thereafter two other cars arrived at the lot. After different altercations between Miss King and some of the men in the group she was placed in one of the cars where with force her underclothes were removed. One of the men (Osborne) then forcibly engaged in an act of sexual intercourse with Miss King. This course was followed upon Miss King by codefendant Ray, a third man not known by Miss King and codefendant Dizadare. Appellant then with force and violence committed an act of sexual intercourse upon Miss King. A sixth man, whose name was unknown to the victim, followed similarly and had an act of intercourse with her.

Thereafter Miss King and Miss Hill were told that they were going to be taken to a motel. Miss King acted as if she was going to faint but when she saw a car coming down the street she started to run. She ran toward a house porch light and proceeded to run through a glass door of the home. She was cut going through the doorway. In the house Miss King related to the occupants what had occurred and the police were called. Miss King called her mother and the latter with the victim's sister came to the home. The police took Miss King to a doctor where she was examined. She was sick for two weeks and was given penicillin shots for ten consecutive days. One of the occupants of the house into which Miss King ran, testified that on the night in question in the early morning hours, she heard a Negro girl crying and screaming, the girl was bloody and "pretty messed up."

Appellant testified that he did not have an act of intercourse with the victim at the time in question nor did he see anyone else have such.

Appellant now asserts that the evidence was insufficient to support the judgment and that the court erred in admitting into evidence certain sex offenses against Miss Hill.

Miss King positively identified appellant as one of the men who raped her on the occasion under consideration. As stated in *People* v. *Jones,* 221 Cal.App.2d 408, 409 [34 Cal. Rptr. 535] : "The strength or weakness of identification is a matter solely within the province of the jury. [Citations.] The jury's determination must be upheld unless the evidence of identification is inherently improbable or incredible as a matter of law. [Citations.]"

What is said in *People* v. *Roberts,* 50 Cal.App.2d 558, 564-565 [123 P.2d 628], by Mr. Justice White for this division of this court is appropriate. "The ground advanced by appellant in support of the claimed inherent improbability in the testi-

mony of his accusers is not the true test. ▮ Before testimony can be strictured as inherently improbable or unbelievable *per se*, it must appear therefrom that something has been done that it would not seem possible could be done under the circumstances described. Neither the direct nor the circumstantial evidence which we shall later discuss, nor the inferences deducible therefrom, can be thus indicted. While the arguments here advanced as to the improbability of the testimony identifying the defendant as the perpetrator of the assaults charged afforded opportunity for a persuasive argument to the jury, we find in them nothing that would justify a reviewing court in concluding that such testimony is *per se* unbelievable and that it was therefore the duty of the jury not only wholly to disregard it, but to accept the alibi evidence offered by the defendant, or at least find that the defendant's guilt had not been proved by the evidence to a moral certainty and beyond a reasonable doubt. ▮ As this court has often heretofore stated, reviewing judges are obviously in no position to determine the credit which should be accorded witnesses or to weigh their testimony. With undoubted recognition of this fact, and in accord with the constitutional provision, the legislature has declared that the jurors are the exclusive and final arbiters of the credibility of witnesses (Code Civ. Proc., sec. 1847), and are the judges of the effect and value of evidence addressed to them, except in those cases where it is ordained by the law that it shall be conclusive proof of the fact to which it relates. (Code Civ. Proc., sec. 2061.)''

▮ We have not related all of the gory evidence but only enough to satisfy the constitutional requirement; however, the record in this case shows without question that Miss King was raped on six separate occasions on the night of June 25, 1967, and appellant, who was known to the victim, was positively identified as the fifth man who raped her. There is no merit to the contention that the identification in court was the result of a leading question by the prosecutor. In any event the question was not objected to when the question at issue was asked and answered.

▮ Appellant also contends that the victim's struggling, her crying and her physical condition, coupled with the darkness of the hour, rendered her testimony unreliable as a matter of law. The victim's emotional state and the lighting conditions go to the weight of the testimony and under the circumstances were for the judge to determine. (*People* v. *Hawker*, 80 Cal.App.2d 945, 950-951 [183 P.2d 354].)

The victim's testimony was legally sufficient to sustain the judgment. (*People* v. *Hawker, supra,* 80 Cal.App.2d 945, 951-953; *People* v. *Enochs,* 113 Cal.App.2d 231, 233 [247 P.2d 929]; *People* v. *Roberts, supra,* 50 Cal.App.2d 558, 564-565; *People* v. *Melendrez,* 25 Cal.App.2d 490, 495-496 [77 P.2d 870]; *People* v. *Loar,* 165 Cal.App.2d 765, 774-777 [333 P.2d 49].)

■ Appellant asserts finally that the judge erred in admitting into evidence sexual offenses against Miss Hill. He states, ". . . while she [Diana Hill] did not specifically identify the appellant as being one of the men involved in her case, he was not specifically excluded either and therefore the trier could reasonably have inferred that he also had committed the offenses against her." Miss Hill did not identify appellant as one of her attackers either in the automobile or later in the motel. Counsel for appellant never indicated by any word, question, or course of conduct that there was any confusion in his mind or in the mind of the judge as to whether appellant was one of the men who had raped Miss Hill.

Appellant made no objection to the consolidation of the cases and the evidence is clear that Miss Hill was raped by some of the codefendants of appellant. (See *People* v. *Van De Wouwer,* 91 Cal.App.2d 633, 640 [205 P.2d 693]; *People* v. *Fontana,* 138 Cal.App. 379, 381- 382 [32 P.2d 160]; *People* v. *Flores,* 62 Cal.App.2d 700, 705 [145 P.2d 318].)

In any event appellant was not charged with raping Miss Hill. He was charged with raping Miss King and was convicted of that offense upon substantial and credible evidence.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.