[Crim. No. 16734. Second Dist., Div. Five. Aug. 31, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM LLOYD BLAGG et al., Defendants and Appellants.

1036

## COUNSEL

Gloria E. Reed and Donald F. Roeschke, under appointments by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William V. Ballough, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**REPPY, J.**—William Lloyd Blagg and Louis Jack Burt (defendants) in a retrial by jury, after a reversal, were convicted of sodomy (Pen. Code, § 286) upon George William H. Hotchkiss (victim) and were sentenced to state prison. They appeal from the judgments. Defendant Burt appeals from the order denying motion for new trial.

Defendants, victim and four inmates were confined in a felony tank of the San Luis Obispo County jail. Defendants heard over a television broadcast that victim had been charged with kidnaping and child molesting. They proceeded to dole out "jail house justice." Victim was given a "mohawk" haircut, had his eyebrows shaved off, was required to wear a mattress cover like a head shawl and to remove his pants and undershorts. He was kicked and struck numerous times and forced to undergo indignities in front of other inmates. At one point a blanket was hung up by the cell bunk so no one could observe it. Victim was ordered to lie face down on a mattress and was told that he was going to be sodomized. He could hear a muffled discussion as to who was going to be first. Defendant Blagg was first to commit sodomy on victim. Although victim could not see him, he recognized his voice when he called for a lubricant and when he verbally declined to desist. When Blagg finished, victim sat on the toilet. He saw Burt stick his head momentarily inside the enclosure and say that he was next. When advised by victim that he was ready, Burt entered and committed sodomy. He also verbally declined to desist during the act. Blagg sodomized victim twice more. Victim saw both defendants from the back when they went out.

Victim was exposed to the other inmates who once more derided him. He was hit and punched again. Eventually an officer came and victim asked him to get out. As the cell door was cranked open, victim was hit another time. He collapsed in the officer's arms. In due course he was taken to the county hospital. Two medical examinations revealed bruises, fractured ribs and evidence of injury to the rectal area, none of which, according to the

examiners, could have been self-inflicted. Victim had not complained of sexual mistreatment during the first examination.

Victim had a history of being a mentally disordered sex offender and of fantasizing experiences with little girls. The question of victim's qualification to testify was raised at trial. A *voir dire* session was carried out in which victim was questioned and the testmony of Robert H. Wagner, M.D., taken at the previous trial, and the written report of the court-appointed psychiatrist, Dr. J. McDougal, were received.

Both defendants contend that victim was not a competent witness and that victim's version of the occurrences was inherently improbable. Defendant Burt additionally contends that a photographic line-up was suggestive and tainted an in-court identification and that the prosecutor's allusion, in his closing argument to the jury, to the length of time that victim would be confined in a mental institution was improper and prejudicial.

■ The question of the competency of a witness is covered by two sections of the Evidence Code: Section 701 which provides that a person is disqualified to be a witnesss if he is incapable (1) of expressing himself concerning the matter so as to be understood or (2) of understanding his duty to tell the truth; and section 403 which provides, in effect, that the judge may exclude the testimony of a witness if, in his estimation, no reasonable person could find that he had personal knowledge of the circumstances.

The question of victim's ability to express himself so that he could be understood was for the trial court. In the absence of a clear abuse of discretion its decision is not to be disturbed on appeal. (Evid. Code, § 405, (see Legislative Committee Comment, examples of preliminary fact issues); *People* v. *McCaughan,* 49 Cal.2d 409, 420-421 [317 P.2d 974]; *People* v. *Horowitz,* 70 Cal.App.2d 675, 696 [161 P.2d 833]; *People* v. *Crandall,* 43 Cal.App.2d 238, 242 [110 P.2d 682]; *People* v. *Delaney,* 52 Cal.App. 765, 769, 771 [199 P. 896]; *People* v. *Gasser,* 34 Cal.App. 541, 543 [168 P. 157]; Witkin, Cal. Evidence (2d ed. 1966) Witnesses, §§ 768, 770, 773, pp. 716-720.) ■ The evidence permitted the trial court to recognize victim's ability. For example, victim was able to give information concerning his prior offenses in an intelligible manner. Dr. Wagner's opinion was that victim's mental condition, including his fantasies, did not affect his ability to communicate or to distinguish between truth and falsity. Dr. McDougal found that victim displayed only residual evidence of a chronic mental illness which would not prevent him from relating an incident he had perceived. (*People* v. *McCaughan, supra,* 49 Cal.2d 409, 420-421; *People* v. *Horowitz, supra,* 70 Cal.App.2d 675, 696; *In re Mazuran,* 88 Cal.App. 272, 277 [263 P. 339].)

Also, in *voir dire,* victim exhibited an understanding of his obligation to tell the truth. He, himself, put it, "Yes, I was sworn in, yes."

His lapse of memory about testifying before the grand jury, or his weakness of recollection about events before and after the incident in question do not truly relate to his capability of expressing himself so that he could be understood or to his appreciation of his duty to be truthful.

■ On the issue of personal knowledge of the occurrences testified to, the evidence of both audio and visual perception was clearly adequate to permit the trial court to make the preliminary determination to retain the testimony in evidence. The ultimate determination was by the jury. (Witkin, Cal. Evidence (2d ed. 1966) Witnesses, § 771, p. 718; Evid. Code, § 403, subd. (a) (2).)

■ We cannot say that victim's story was inherently improbable. The aversion of hard core criminals for child molesters and their proclivity to indulge in jailhouse justice are almost matters of common knowledge. There was no physical impossibility present (see *People* v. *Franklin,* 267 Cal.App. 2d 643, 646 [73 Cal.Rptr. 338]). Victim's initial failure to complain of sodomy does not categorically negate the story. This, and other inconsistencies, bore on the determination of credibility and the drawing of inferences which were for the jury and which will not be disturbed on appeal. (*People* v. *Franklin, supra.*)

■ The photographs were not used for victim to pick out a suspect who was not well known to him. They were pictures of the few men who had been in the cell with victim. They were shown to aid authorities in distinguishing the actors as to name and specific conduct. There were no suggestions from the police which might have induced victim to tie anyone of the cellmates into any particular conduct.

■ No objection to the form of the prosecutor's argument was made at trial, so the point is not properly raised for the first time on appeal. (*People* v. *Willingham,* 271 Cal.App.2d 562, 573-574 [76 Cal.Rptr. 760].) In any event, it was not improper to call attention to the circumstance that the law provided the proper means for bringing victim to justice and that there was no place for personal retribution. ■ It was inappropriate for the prosecutor to include within his argument a comment as to how long the victim would probably be kept out of society, but the observation was not prejudicial. In this context, nothing stricter than the *Watson* test should be applied. (*People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].) It would have been permissible for the court to tell the jurors in instructions generally of the legislative scheme for dealing with mentally disordered sex offenders. (Compare rule as to probability of incarceration or parole, *People* v.

*Morse,* 60 Cal.2d 631, 648 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810]; 2 Witkin, Cal. Crimes (1963) Punishment for Crimes, § 1043, 1969 Supp., p. 315 *et seq.;* Cal. Jury Instructions, Criminal, (3d ed.), Instruction No. 8.82, p. 260.)

The judgments are affirmed. The purported appeal from the order denying motion for new trial is dismissed.

Kaus, P. J., and Stephens, J., concurred.