[Crim. No. 21326. First Dist., Div. Two. June 17, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES ROY LIDDICOAT, Defendant and Appellant.

COUNSEL

John W. Ewing for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson, Jr., and Morris Lenk, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MILLER, J.—James Roy Liddicoat appeals from an order committing him to the Department of Mental Health as a mentally disordered sex offender. (Pen. Code, § 1237, subd. 1.)

Appellant had been accused of several felony sex crimes committed on two young girls. At trial the court ruled that one of the victims, Emily, age four, was disqualified to be a witness because she was at that time incapable of understanding the duty of a witness to tell the truth. (Evid. Code, § 701, subd. (b).) The People then offered in evidence, under Evidence Code section 1291, a transcript of Emily's testimony at the earlier preliminary examination of the charges. Appellant objected on the ground that Emily had been similarly disqualified at the time of the preliminary examination. At the preliminary examination the magistrate had ruled that Emily was qualified to testify. Appellant argued that the trial court should reweigh the evidence relevant to qualification in the preliminary examination transcript and should make its own independent determination of the issue. The trial court disagreed, finding that the magistrate's ruling had been supported by "sufficient evidence" and was buttressed by the presumption that official duty has been regularly performed (Evid. Code, § 664) and concluding that the issue had been determined by the magistrate's ruling. The transcript was read to the jury, which subsequently convicted appellant as charged.

■ In this court appellant contends that the trial court erred to his prejudice by accepting the magistrate's ruling as dispositive. We conclude that there was no error. Accordingly we affirm.

If Emily was "unavailable as a witness" at trial her testimony at the preliminary examination in this action would come within the former-testimony exception to the hearsay rule. (Evid. Code, § 1291, subd. (a)(2).) We are satisfied that the trial court's ruling that Emily was disqualified at the time of trial rendered her unavailable as a witness (cf. Evid. Code, § 240, subd. (a)(2)); appellant does not contend otherwise.

Nevertheless Emily's former testimony remained subject at trial to the same limitations and objections as though she were testifying there (Evid. Code, § 1291, subd. (b)), including an objection that *at the time she gave the testimony* she was not qualified to be a witness (cf. Evid. Code, § 1291, subd. (b)(2); Tent. Recommendation and Study Relating to the Uniform Rules of Evidence, art. VIII, Hearsay Evidence (Aug. 1962) 6 Cal. Law Revision Com. Rep. (1964) Appen., pp. 581-585; Witkin, Cal. Evidence (2d ed. 1966) The Hearsay Rule, § 603, p. 573; 2 Wigmore, Evidence (3d ed. 1940) § 483, p. 521).

Appellant interposed the qualification objection; it invoked the trial court's duty to determine as a preliminary fact (Evid. Code, § 405)

whether at the preliminary examination Emily had been competent as a witness. (Cf. e.g., *People* v. *Farley* (1979) 90 Cal.App.3d 851, 868-869 [153 Cal.Rptr. 695]; *People* v. *Blagg* (1970) 10 Cal.App.3d 1035, 1039 [89 Cal.Rptr. 446].) The court's ruling that Emily was not qualified at the time of trial did not resolve the factual question whether she was qualified at the preliminary examination two months earlier. (Cf., e.g., *People* v. *Crandall* (1941) 43 Cal.App.2d 238, 241-243 [110 P.2d 682].) The burden was on appellant to prove, by a preponderance of the evidence, that Emily had not been qualified. (*People* v. *Farley, supra*, 90 Cal.App.3d 851, 869.) Aside from Emily's testimony at the time of trial (taken for the purpose of assessing her qualification at that time), the only evidence before the trial court relevant to her qualification at the time of preliminary examination was the preliminary examination transcript itself.

From the trial court's remarks in the record it appears that the court would have disqualified Emily on the basis of the preliminary examination transcript had the court deemed itself free to do so. But the transcript also reflected the magistrate's ruling to the contrary; having determined that the magistrate's ruling was supported by "sufficient evidence" the trial court acquiesced in that ruling.

Appellant argues that the trial court in the proper performance of its duty under Evidence Code section 405 should have ruled in accordance with its own perception of the evidence in the transcript. The parties cite, and we find, no case which directly addresses the issue thus raised.

We conclude that the trial court's deference to the magistrate's ruling was proper. We do so in recognition of the realities of judicial factfinding and of the importance of order and efficiency in the judicial process.

The question of Emily's competence at the time of the preliminary examination was purely one of fact. (Cf., e.g., *People* v. *Farley, supra*, 90 Cal.App.3d 851, 868-869; *People* v. *Blagg, supra*, 10 Cal.App.3d 1035, 1039.) The magistrate had, and the trial court two months later necessarily lacked, the opportunity to observe Emily's demeanor as she reacted and responded to questions at the relevant time. This opportunity to put the bare words of Emily's interrogation into their live context necessarily gave the magistrate a better perspective on Emily's qualification at that time than the trial court could hope to obtain, later, from a cold record.

Further, were we to conclude (as appellant necessarily proposes) that the trial court should have disregarded the magistrate's ruling, we would denigrate the function of the magistrate as the judicial officer duly authorized to conduct the preliminary examination and required by law, in the discharge of that office, to make rulings on just such issues as this.

The trial court properly considered, initially, only whether the magistrate's procedurally appropriate ruling on the factual issue of Emily's qualification was supported by substantial evidence. To review the trial court's determination we ask the same question it did: Was the magistrate's ruling supported by substantial evidence? We conclude that it was (cf. *People* v. *Farley, supra*, 90 Cal.App.3d 851, 868-869), taking into account not only the proceedings on the qualification issue itself but also Emily's subsequently given testimony which was coherent, clear, and direct (cf. *People* v. *Lamb* (1953) 121 Cal.App.2d 838, 844 [264 P.2d 126]). Having correctly determined that the magistrate's ruling was supported by substantial evidence, the trial court properly deferred to that ruling.

The order of commitment is affirmed.

Taylor, P. J., and Rouse, J., concurred.