[No. G013114. Fourth Dist., Div. Three. June 28, 1994.]

In re the Marriage of ELEANOR AND THEODORE DEMBLEWSKI.
ELEANOR DEMBLEWSKI, Respondent, v.
THEODORE DEMBLEWSKI, Appellant.

**COUNSEL**

Dracup & Patterson and Wayne Rash for Appellant.

Marsha Faith Levine, Mark E. Minyard and Michael A. Morris for Respondent.

## OPINION

**WALLIN, J.**—Theodore Demblewski appeals an order characterizing the former family residence as community property and awarding it to his ex-wife Eleanor, and continuing jurisdiction over two pieces of real property located in New York. He contends the court failed to set forth adequate factual or legal bases for its determination, and reversal is required. We agree.

Theodore and Eleanor Demblewski were married in New York in 1937.[1] They were granted a legal separation in New York in 1960, but reconciled in 1963 and resumed living together. They moved to California and bought a home in Villa Park in 1973. The original grant deed to the residence, which designated Theodore as a married man and granted the property to him as his sole and separate property, was not recorded. In 1990 the parties separated again. Eleanor remained in the residence and filed for legal separation. Theodore filed a response requesting dissolution. In 1991 Theodore found a second deed to the residence dated 1978 which *had* been recorded, along with a letter which bore his signature and requested the sellers to execute the deed. The 1978 deed was signed by the sellers and granted the property to Theodore, Eleanor, and their daughter Elaine as joint tenants. Theodore declared he had never signed this letter and had been under the impression since 1973 that the original deed placing the property in his name alone had been recorded.

The matter was submitted to a referee under Code of Civil Procedure section 638, subdivision 1.[2] Theodore presented evidence the Villa Park residence was paid for with proceeds of his separate property, he entrusted the 1973 deed to Eleanor to record and assumed it had been recorded, and he had never signed nor authorized the 1978 letter or deed. Eleanor asserted the residence was presumed community property since it was purchased during

[1] The parties filed an agreed statement on appeal under California Rules of Court, rule 6(a).

[2] All statutory references are to the Code of Civil Procedure. Section 638, subdivision 1, provides: "A reference may be ordered upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes or in the docket, or upon the motion of a party to a written contract or lease which provides that any controversy arising therefrom shall be heard by a reference if the court finds a reference agreement exists between the parties: [¶] 1. To try any or all of the issues in an action or proceeding, whether of fact or of law, and to report a statement of decision thereon."

marriage, Theodore had not rebutted that presumption, and, moreover, Theodore had signed the 1978 letter.

The referee issued her report to the court[3] on May 21, 1992.[4] On June 12,[5] Theodore filed a document entitled "Objections to Entering of Judgment Upon Referee's Report; and, Request for Review [Pursuant to Code of Civil Procedure] § 645]." The first paragraph stated, "The Report does not contain the requested Statement of Decision, nor does it contain detailed facts or findings sufficient to prepare a 'Statement of Decision.'" The same day, the court entered its minute order which read: "No appearances. The court having read and considered respondent's Objections to Entering of Judgment Upon Referee's Report; and, Request for Review rules as follows: Respondent's request is denied. ENTERED: 6-12-92."

On July 8, the referee approved a "Referee's Order for Further Judgment on Reserved Issues" as to form and content, which was adopted by the court as its judgment on July 20. The order did not set forth reasons, but merely stated the Villa Park residence was found to be community property and was awarded to Eleanor, as was a parcel of New York property. Theodore was awarded several other parcels of New York property which were also found to be community property. Two parcels of New York property were ordered held as tenants in common by the parties and their children. The court reserved jurisdiction over these two parcels "to make any and all further orders needed to deal effectively and fairly" with them, including sale. The court also divided personal property, and ordered support, attorney fees, credits and reimbursements.

I

Theodore appeals the characterization of the Villa Park residence as community property, arguing the court did not provide a sufficient factual and legal basis for its order. He also contends the portion of the order continuing jurisdiction over the New York properties lacks any factual or legal support. He argues because out-of-state property and third party owners are affected, the court exceeded its jurisdiction in making the order, and, without an adequate statement of decision, reversal is required.

Section 638 was amended in 1984 to substitute "statement of decision" for "finding and judgment," which paralleled a similar change to section

[3]Section 643 reads: "The referees or commissioner must report their statement of decision in writing to the court within 20 days after the testimony is closed."

[4]Although the May 21 referee's report is not a part of the record, counsel for both parties indicate the court's order is the report virtually verbatim.

[5]The agreed statement states the objections were filed June 8. Although the document was signed and dated by counsel on June 4 and served by mail on opposing counsel on June 8, it was not filed by the county clerk until June 12.

632.[6] ■ Theodore maintains section 638's mandate to the referee "to report a statement of decision" requires the factual and legal grounds for the decision be articulated "just like a statement of decision under [] Section 632."

Eleanor argues "statement of decision" as used in section 638 is different from the phrase in section 632. She contends, in the absence of a timely request under section 632, a section 638 referee does not have a sua sponte obligation to render a statement of decision explaining the factual and legal basis for the result. Since a trial court need only render a statement of decision under section 632 if one is requested, and a referee conducts the proceeding as if she were a judicial officer, no reasons exist for a different requirement for the referee.

We do not agree. The phrase "statement of decision" is a precise term of art. We presume the Legislature was aware how the phrase was used in section 632 when it amended section 638 in 1984. (*Hunt* v. *County of Shasta* (1990) 225 Cal.App.3d 432, 443 [275 Cal.Rptr. 113]; see also *Viking Pools, Inc.* v. *Maloney* (1989) 48 Cal.3d 602, 609 [257 Cal.Rptr. 320, 770 P.2d 732].) Moreover, reasons do exist for a different requirement for the referee. The referee's report serves to inform the court of the factual and legal basis on which she relied. Requiring the referee to render a sua sponte "statement of decision explaining the factual and legal basis for [her] decision as to each of the principal controverted issues" allows the court to intelligently decide to accept or reject the decision.[7]

## II

■ Eleanor also argues the referee's report is analogous to a trial court's tentative decision, and, under section 645, "may be reviewed as if it were."[8] Theodore's objections, which were filed under section 645, should therefore have been filed "in like manner as if made by the court," i.e., within 10 days.

[6]Section 632 provides in part: "In superior, municipal, and justice courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial. The request must be made within 10 days after the court announces a tentative decision. . . . The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision."

[7]We therefore disagree with the dicta in *Rebney* v. *Wells Fargo Bank* (1991) 232 Cal.App.3d 1344 [284 Cal.Rptr. 113] that "nothing in the Code of Civil Procedure suggests that a referee's 'statement of decision' under section 643 must meet the explanatory requirements of section 632." (*Id.* at p. 1351.)

[8]Section 645 provides: "The decision of the referee or commissioner may be excepted to and reviewed in like manner as if made by the court."

We disagree. "[S]ection 645 provides that a party may object to the findings of a referee. . . . If the referee has failed to consider certain evidence, the party whose interest is affected must notify the referee *as soon as possible*, whether during the reference or after the report is issued, so that the referee may have a chance to rectify any oversight or error [she] may have made. If no change to the report is necessary, the party's objection should nonetheless be noted in the report. [¶] Alternatively, the party may move to set aside the report. Such a motion should be made *promptly* following the date the report is filed with the court. . . . The failure to file a written objection to the contents of the referee's report or to properly move to set aside the report results in the waiver of the right to object to the referee's findings." (*Martino* v. *Denevi* (1986) 182 Cal.App.3d 553, 557 [227 Cal.Rptr. 354], fn. omitted, italics added.) The *Martino* court, in explaining section 645, did not indicate a 10-day limit to file written objections exists. Neither did the court in *Salka* v. *Dean Homes of Beverly Hills, Inc.* ▮ (Cal.App.), which stated: "[A] prerequisite to appellate review of a consensual general reference, in which all issues of fact and law are decided by a referee, is the filing of written objections to the findings and conclusions of the referee's report. Alternatively, a party may file a timely motion in the trial court to set aside the referee's report. Either procedure will comply with section 645. The objective is to afford the referee and the trial court an opportunity to correct unsupported findings and errors of law which may avoid an appeal." (*Id.* at p. 960.) Section 645 itself does not set forth the specific limit articulated in section 632, or any time limit. A prompt objection, made as soon as possible, will put opposing parties on notice, and afford the referee the opportunity to correct any errors in, or unsupported portion of, her report.

The referee's report was issued May 21. Theodore's objections were file stamped June 12, 22 days later. However, the court entered its order "denying" the objections the same day, indicating the court was aware of the contents of the objections sooner.[9] Moreover, the objections stated the report did not contain the *requested* statement of decision. Apparently a statement of decision was requested at the time of the proceedings. The referee, the court and opposing counsel were all aware of Theodore's objections, and the referee had an opportunity to correct her report. We therefore hold, under the specific facts of this case, Theodore's objections were not unreasonably delayed and complied with the requirements of section 645.

### III

Eleanor argues remanding for a statement of decision would be a futile act, since sufficient evidence supported the referee's conclusion. However,

---

[9]The agreed statement indicates the objections were filed June 8.

the record before us only indicates Theodore presented evidence the Villa Park residence was his separate property, and Eleanor asserted he had not rebutted the statutory presumption the residence was community. It is not possible to determine whether sufficient evidence supported the order, because it is so conclusory. Even if the referee merely "believed" Eleanor, it is still not clear why the referee found the residence was community property when the 1978 deed granted the property to the parties and their daughter as joint tenants. This was a fact-driven case involving complex issues. Various properties might have been found to be community, Theodore's separate property, or property belonging to the parties and one or more of their children. Without a more complete statement, it is impossible to discern whether substantial evidence supported the referee's conclusions.

The order is reversed with directions to the trial court to render a statement of decision. The trial court may refer the matter to the referee to complete her report and submit it to the court. Claims for costs and attorney fees should be determined in the trial court under the provisions of the Family Code.

Sills, P. J., and Crosby, J., concurred.