[No. E017341. Fourth Dist., Div. Two. Sept. 25, 1996.]

DENNIS CREUTZ, Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Alan C. Oberstein, Public Defender, and Lynn Etkins, Deputy Public Defender, for Petitioner.

Grover Trask, District Attorney, and Karen S. Gorham, Deputy District Attorney, for Respondent and for Real Party in Interest.

## OPINION

McKINSTER, J.—Petitioner Dennis Creutz, the defendant in a criminal matter pending before the superior court,[1] seeks a writ of prohibition compelling the trial court to grant his motion to dismiss or set aside one count of the information charging him with lewd and lascivious conduct with a child.[2] (Pen. Code, § 288, subd. (a).) We hold that the evidence properly admitted at the preliminary hearing was insufficient to support the challenged count; in so holding, we construe Evidence Code section 1228 and find it inapplicable to the case at bar.

It will be helpful to an understanding of the evidence presented if we quote the relevant provisions of Evidence Code section 1228 before setting out the evidence. That statute creates a narrow exception[3] to the hearsay rule in certain cases involving specified sex crimes against children, including violations of Penal Code section 288, subdivision (a). In pertinent part, the statute reads "Notwithstanding any other provision of law, for the purpose of establishing the elements of the crime in order to admit as evidence the confession of a person . . . a court, in its discretion, may determine that a statement of the complaining witness is not made inadmissible by the hearsay rule if it finds all of the following: [¶] (a) The statement was made by a minor child under the age of 12, and the contents of the statement were included in a written report of a law enforcement official or an employee of

---

[1] We will refer to Creutz as defendant.

[2] The court did dismiss two of the three challenged counts, as we will briefly describe below. Not challenged by the motion or this petition was a fourth count involving a different victim.

[3] See *In re Carmen O.* (1994) 28 Cal.App.4th 908 [33 Cal.Rptr.2d 848] or a similar, judicially created exception expressly applicable only in dependency proceedings.

a county welfare department. [¶] (b) The statement describes the minor child as a victim of sexual abuse. [¶] (c) The statement was made prior to the defendant's confession. . . . [¶] (d) There are no circumstances, such as significant inconsistencies between the confession and the statement concerning material facts establishing any element of the crime or the identification of the defendant, that would render the statement unreliable. [¶] (e) The minor child is found to be unavailable pursuant to paragraph (2) or (3) of subdivision (a) of Section 240 or refuses to testify. [¶] (f) The confession was memorialized in a trustworthy fashion by a law enforcement official." (Evid. Code, § 1228.)

■ The statute further provides that at trial, the statement of the minor is, if found admissible, *not* to be given to the jury, but is to be used solely to determine the admissibility of the confession. Evidence Code section 1228 therefore does not create a general exception to the hearsay rule for the described statements, but only allows them to be admitted for a limited purpose and to a limited audience—that is, the trial judge.

In short, Evidence Code section 1228 is directed at the corpus delicti rule. This ancient principle requires the "body of the crime" to be proved by evidence independent of the statements of the defendant, and such statements are themselves *inadmissible* until the corpus delicti requirement is satisfied. (*People* v. *Moreno* (1987) 188 Cal.App.3d 1179, 1187 [233 Cal.Rptr. 863]; *Jones* v. *Superior Court* (1979) 96 Cal.App.3d 390, 393 [157 Cal.Rptr. 809]; 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Elements of Crime, §§ 136-137, pp. 152-154.) The rule applies to preliminary hearings. (See *Jones, supra,* at p. 393; *Matthews* v. *Superior Court* (1988) 201 Cal.App.3d 385, 391-392 [247 Cal.Rptr. 226].) Section 1228 basically allows evidence that would otherwise be inadmissible to be admitted in child sex crimes cases, but solely for the purpose of establishing the corpus delicti and thus paving the way for trier of fact to hear the defendant's inculpatory statements.

We turn now to the facts of this case.

The challenged count (see fn. 2, *ante*) involved the minor Katrinna S., aged three. It was stipulated at the preliminary hearing that she was incompetent to testify. Her statements were recounted by Officer Beamesderfer, who testified that she told him that "Daddy [defendant is her mother's longtime boyfriend] put his tail in my butt," later indicating that by "tail" she meant his penis. Katrinna also said that defendant had touched her in the vaginal area and had sucked on her nipples.

Following the conversation with the minor, Officer Beamesderfer interviewed defendant, who made the statements we will quote later. Some

months later, Officer Beamesderfer spoke with Katrinna again, at which time she provided some additional details of the alleged molestations.

## DISCUSSION

The parties agree that Evidence Code section 1228 appears never to have undergone appellate scrutiny; indeed, defendant suggests that this may be the only case in which it has ever been employed.[4] It is therefore appropriate to discuss briefly some of the statutory requirements which are not in issue here, before proceeding to the main issue.

### A.

### *Requirements Not Relating to a Confession*

There is no dispute that the requirements of Evidence Code section 1228, subdivision (a), were met here; Katrinna was only three years old and Officer Beamesderfer duly reported her statements.[5] It is also clear that the minor's remarks describe sexual abuse. (Evid. Code, § 1228, subd. (b).) However, under section 1228, subdivision (c), the statement of a minor is only admissible if it is made *before* the defendant's confession. Although it is not entirely clear whether the trial court (or the magistrate) reached the point, we find that the minor's statements in the second interview, made long after defendant's statements, could not be used to establish the corpus delicti. The plain language of the statute prohibits such use, and we have accordingly not included them in our statement of the evidence.

Defendant was originally charged with three counts arising from the alleged molestation of Katrinna, one each based on her statements concerning vaginal fondling, sodomy, and touching her breasts. As will be shown below, defendant's own statement at most referred to a touching in the genital area. There was therefore an inconsistency with the minor's broader statement, an inconsistency within the meaning of Evidence Code section 1228, subdivision (d). As noted above, the trial court correctly dismissed two of the counts against defendant based on the fact that his statement did not match completely with the minor's assertions.

Evidence Code section 1228, subdivision (e) requires that the minor be unavailable at the trial (or hearing) under Evidence Code section 240,

---

[4]This is quite possible, given the limited utility of the statute.

[5]Evidence Code section 1228, subdivision (c) cautions that the testimony of a person recounting hearsay shall be viewed with caution if there is evidence of bias or prejudice. Apparently the statute therefore contemplates that the minor's statements need not have been directly transmitted to a law enforcement officer, but may have been reported by a parent, teacher, etc.

subdivision (a)(2) or (3), or must refuse to testify. Subdivision (a)(2) covers witnesses who are "Disqualified from testifying to the matter," while subdivision (a)(3) describes those who are "Dead or unable to attend or to testify at the hearing because of then existing physical or mental illness or infirmity." A witness who is unable to understand the duty to tell the truth is "disqualified," as is one incapable of expressing himself or herself so as to be understood. (Evid. Code, § 701, subd. (a)(1) and (2).) **(3)** It is commonplace to speak of a child witness who does not understand the duty to tell the truth either as "incompetent to testify" or "disqualified from testifying." (See *In re Clara B.* (1993) 20 Cal.App.4th 988, 995-996 [25 Cal.Rptr.2d 56].) A minor who is not qualified to testify is therefore "unavailable" under section 240, subdivision (a)(2). (See *People* v. *Liddicoat* (1981) 120 Cal.App.3d 512, 514-515 [174 Cal.Rptr. 649].) The trial court correctly found that Katrinna's testimony met this criterion.[6]

B.

1.

*Evidence Code Section 1228 Applies Only Where*
*Defendant Has Made a Confession*

■ In this case, Katrinna's statement concerning a vaginal touching satisfied the express requirements of the statute. In theory, therefore, it was properly admissible to establish the corpus delicti of the charged offense. The problem is not that Katrinna's statement was inadmissible, but that the peculiar wording of the statute can only be interpreted as allowing the establishment of a qualified or conditional corpus delicti which is sufficient only if the prosecution wishes to introduce the defendant's confession. As we will explain, there was no confession here, and consequently Katrinna's statements, being unsupported by other sufficient evidence of the corpus delicti, could not justify the admission of inculpatory statements not amounting to a confession.

Evidence Code section 1228 uses the term "confession" no fewer than five times, and it never uses any other word or phrase to describe the statement by the defendant which is to be introduced. ■ The word has a distinct meaning in criminal law. "A confession is a declaration by a person that he is guilty of a crime. . . . It differs from an admission of an accused in that

---

[6]At first blush it might appear odd that the Legislature would allow the incompetent statements of a child who could not be trusted to tell the truth to constitute the corpus delicti. As we will explain, however, the limited scope of the statute is itself some safeguard against any injustice.

the confession is an express and complete acknowledgment of guilt of the crime, while an admission may be either express or implied, and is merely an acknowledgment of some fact which tends to prove guilt." (1 Witkin, Cal. Evidence (3d ed. 1986) The Hearsay Rule, § 605, pp. 577-578; see *People* v. *Boyer* (1989) 48 Cal.3d 247, 279, fn. 23 [256 Cal.Rptr. 96, 768 P.2d 610].) A confession must encompass all the elements of a crime (*People* v. *Murtishaw* (1981) 29 Cal.3d 733, 756 [175 Cal.Rptr. 738, 631 P.2d 446]) and this includes the element of intent, where applicable. (*People* v. *Thompson* (1990) 50 Cal.3d 134, 162, fn. 10 [266 Cal.Rptr. 309, 785 P.2d 857].)

The distinction is not academic, or at least has not been until recently. Historically, the erroneous admission of a confession was reversible *per se*, while the erroneous admission of an admission was not reversible if the court could conclude beyond a reasonable doubt that the error did not contribute to the verdict. (See *People* v. *Thompson, supra,* 50 Cal.3d at p. 162, fn. 10.) This is no longer the law, and errors of both types may be held harmless (see *People* v. *Johnson* (1993) 6 Cal.4th 1, 33 [23 Cal.Rptr.2d 593, 859 P.2d 673]; *People* v. *Cahill* (1993) 5 Cal.4th 478, 509-510 [20 Cal.Rptr.2d 582, 853 P.2d 1037]), but certainly when Evidence Code, section 1228 was enacted in 1984 the distinction between "confession" and "admission" had significant importance.

■ "Confession" is therefore a term of art, and when the Legislature uses a term of art, a court construing that use must assume that the Legislature was aware of the ramifications of its choice of language. (*In re Marriage of Demblewski* (1994) 26 Cal.App.4th 232, 236 [31 Cal.Rptr.2d 533]; see also *Viking Pools, Inc.* v. *Maloney* (1989) 48 Cal.3d 602, 607-609 [257 Cal.Rptr. 320, 770 P.2d 732], commenting on the Legislature's presumed awareness of relevant judicial decisions construing a phrase used or continued in new legislation.) ■ Evidence Code section 1228 creates an exception to the hearsay rule with respect to establishing the corpus delicti when the prosecutor wishes to introduce a confession. ■ This court has adhered to the maxim *inclusio unius est exclusio alterius* (the inclusion of one is the exclusion of another) and has recognized that "We are not authorized to add exceptions where the Legislature has spoken clearly to prescribe a rule and narrowly limit the exceptions thereto." (*Courtesy Ambulance Service* v. *Superior Court* (1992) 8 Cal.App.4th 1504, 1514 [11 Cal.Rptr.2d 161]; see also *Markley* v. *Superior Court* (1992) 5 Cal.App.4th 738, 745-746 [7 Cal.Rptr.2d 328].)

■ Here, the Legislature has set up a unique procedure to apply in cases of sex crimes against children when a defendant has made a confession. It could not reasonably be argued that Evidence Code section 1228

should also apply, for example, in cases of robbery or narcotics violations; the statute is explicit in its limited application. In our view, its repeated use of the word "confession" to describe the statements by a defendant that become admissible once the corpus delicti is established in accordance with the statute must be similarly limited.

We reach this conclusion over the urgent protests of the district attorney who argues, with some justification, that such a construction results in a statute of little practical utility. We recognize, as he points out, that it is rare that a defendant—perhaps especially one in a child sex abuse case—expressly and clearly admits every element of the offense, so as to qualify his statement as a confession. We also accept that one purpose of the statute was to permit the successful prosecution of offenders whose victims are too young or too inarticulate to qualify as witnesses at trial, or who (perhaps even with parental collusion) refused to testify.[7] However, that does not mean that the legislative intent will necessarily be frustrated by a construction which nevertheless allows some accused persons to escape prosecution because the corpus delicti cannot be established without the otherwise inadmissible statements of the minor.

■ Contrary to real party's suggestions, the corpus delicti rule is not an obstacle designed expressly to hinder the prosecution of the guilty. " 'The corpus delicti rule was established by the courts to "protect a defendant from the possibility of fabricated testimony out of which might be wrongfully established both the crime and its perpetrator." . . . The corpus delicti rule arose from a judicial concern that false confessions would lead to unjust convictions. . . . Today's judicial retention of the rule reflects the continued fear that confessions may be the result of either improper police activity or the mental instability of the accused, and the recognition that juries are likely to accept confessions uncritically. . . .' " (*People* v. *Moreno, supra,* 188 Cal.App.3d at p. 1187, citations omitted.)

■ Evidence Code section 1228, therefore, represents the withdrawal of an historic safeguard. However, as we construe it, the statute only allows the corpus delicti to be established through otherwise incompetent evidence if the defendant has made a full, complete confession. Under this interpretation, the statute does not allow a continued prosecution under the more lax standard if the defendant has made only an ambiguous, equivocal, or incomplete self-inculpatory statement. Although there is still the danger of a false confession, at least, as we construe it, section 1228 is limited to those cases

---

[7]We express no firm opinion on the applicability of Evidence Code section 1228 where a minor's parents are the instigators of a "refusal," whether they act in bad faith or out of concern for the child. We only note that such an application is possible.

in which the comprehensive scope of the defendant's statement may be considered to be an indication of its reliability.

 We reject any argument that all criminal statutes must be construed so as to permit the most efficacious prosecution of suspects. Especially in the case of the removal of a traditional protection against possible injustice, we think it better to adhere to the principle that criminal statutes are, in case of doubt, to be construed favorably to the defendant. (*Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]; but see *In re Pedro T.* (1994) 8 Cal.4th 1041, 1046 [36 Cal.Rptr.2d 74, 884 P.2d 1022].) Our decision honors this principle.[8]

2.

*Defendant's Statements Did Not Constitute a Confession*

 To begin with, we agree with defendant that real party's attempt to describe defendant's statements in the interview with Officer Beamesderfer is at best misguided.

Initially, Officer Beamesderfer testified that defendant "admitted to, to sodomizing her. He admitted to fondling her vaginal area, I believe, and to the allegation of fondling her breasts." However, on cross-examination the officer admitted that defendant did not actually use these words. "He admitted the sexual allegations, the word 'sodomize' is the word I am using." Asked if defendant had said, "I fondled her vaginal area," the officer admitted, "Those weren't his exact words, no." After enough of this, the court agreed that Officer Beamesderfer could just read from the transcript of the interview. This is what was said:

"DEFENDANT: 'I am trying to tell the truth. I want to tell the truth.'

"[The minor's mother, DOROTHY S.]: 'Okay, but do it.'

"DEFENDANT: 'She's saying that I kissed her on the breast or whatever she said I did. Now word of wise, I don't know how she worded it . . . I believe at one time I did do it, get her, but not on that area, Dorothy. Dorothy, I, when she was given a bath one time, I don't remember the time or date, but I do remember getting awful close to her in that area, but, again, I don't, never, I never thought I was doing anything wrong.'

"OFFICER: 'How long do you think, how long do think it that—how long do you think it was that this happened; how long ago do you think you

---

[8]Assuming that further prosecution is not barred by Penal Code section 1387, nothing prevents the People from attempting to qualify the minor as a witness in the future.

fondled her private area before you actually tried to use your penis, I mean, how long do you think you rubbed her with your hands?'

"DEFENDANT: 'I don't know how long. I don't think it took very long. I mean, it wasn't, I wasn't actually trying to fondle her . . . if that's the correct word . . . If that's correct terminology.'

"OFFICER: 'A couple minutes, three minutes, five minutes?'

"DEFENDANT: 'I don't know about time.' "

We think it obvious that the reading of the actual transcript must control our analysis, and not Officer Beamesderfer's characterization of what defendant said. The fact that the officer testified that defendant admitted sodomizing and fondling the minor is valueless when placed against the record of what defendant actually said. We also agree with defendant that the portion of the transcript read by the officer on the witness stand was, by his own testimony, the *only* portion of the transcript which reflected anything self-inculpatory. There is no basis for real party's suggestion that defendant made statements about sodomizing and fondling the minor in some other portion of the interview. Officer Beamesderfer testified that defendant's inculpatory statements were made after the child's mother had been called and had arrived and her presence is reflected in the portion read into the record. The officer never suggested that other, more explicitly incriminating statements were made at any other time during the interview, and it is not likely that, if they existed, the officer would not have read them aloud. We confine our analysis to the quoted statements.

It is apparent that the statements do not constitute a "confession" as we have explained the term. Defendant admitted only that he might have touched the minor in the vaginal area while bathing her, but he certainly did not admit any lewd intent in doing so. In fact, he expressly disclaimed evil intent when he stated that "I never thought I was doing anything wrong" and "I wasn't actually trying to fondle her." Under the authorities cited above (*People* v. *Boyer*, *supra*, 48 Cal.3d 247; *People* v. *Thompson*, *supra*, 50 Cal.3d 134; *People* v. *Murtishaw*, *supra*, 29 Cal.3d 733), defendant's statements on their face cannot be called a "confession."

The trial court apparently thought that it was proper for the magistrate to infer intent. Certainly this would be true at trial; it is rare that a defendant, in a child sex case, will declare his lewd intent, and intent must normally be inferred from the circumstances surrounding the act. (See generally, Pen.

Code, § 21, subd. (a); specifically with respect to child sex crimes, *In re Paul C.* (1990) 221 Cal.App.3d 43, 54 [270 Cal.Rptr. 369].) But this approach does not apply to the consideration of whether Evidence Code section 1228 has been satisfied, or to the determination of whether a specific statement constitutes a confession. A confession, by its nature, must be express and complete. If a statement merely concedes some elements of an offense, it is only an admission. This issue has nothing whatsoever to do with the question of what inferences a trier of fact might draw from an admission. An admission cannot be converted into a confession by the addition of necessary facts supplied by the listener.

In this case, the application of the principle is particularly clear. Defendant's statement is not merely silent on the issue of wrongful intent; he denied such intent. It is absurd to say that a statement which contains a strenuous effort to deny criminal liability is a "confession" simply because the listener disbelieves the exculpatory remarks.

We have earlier explained that "confession" is a term of art and must be construed according to its accepted usage. The trial court erred insofar as it attempted to supply missing elements by inference. Defendant's statement simply was not a confession.[9]

### SUMMARY

Because the People had no confession by defendant to offer, Evidence Code section 1228 never came into play. Although the minor's statements qualified for admission in the abstract, there was no confession for which they could pave the way. By the terms of the statute, the statements could prove the corpus delicti only if the People had a confession to introduce. They did not, and the statements, admittedly otherwise incompetent, could not be used to prove the corpus delicti. No contention is made that other evidence adduced was sufficient in the absence of the minor's statements, and we are satisfied that it was not.

---

[9]For these reasons, real party's argument that the rulings of the trial court and the magistrate should be reviewed under the deferential "some rational ground" standard expressed in a line of cases beginning with *Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 476 [62 Cal.Rptr. 581, 432 P.2d 197] and continuing through *People* v. *Superior Court* (*Jurado*) (1992) 4 Cal.App.4th 1217, 1226 [6 Cal.Rptr.2d 242], must fail. While this standard is appropriate for appellate review of decisions on the sufficiency of the evidence adduced at a preliminary hearing, it has no relevance whatsoever to the determination of whether the corpus delicti has been established and whether, accordingly, a defendant's statement is admissible.

Let a peremptory writ issue as prayed.

Ramirez, P. J., and Richli, J., concurred.

A petition for a rehearing was denied October 17, 1996.